IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATE OF GEORGIA,<br><br>        Plaintiff,<br><br>        v.<br><br>ERIC H. HOLDER, JR.,<br>in his official capacity as<br>ATTORNEY GENERAL OF THE<br>UNITED STATES,<br><br>        Defendant,<br><br>TYRONE BROOKS, et al.,<br><br>        Defendant-Intervenors. | Civil Action No.<br>1:10-cv-1062<br><br>Three-Judge Panel<br>(ESH-TBG-HHK) |

## ATTORNEY GENERAL'S RESPONSE TO MOTION TO INTERVENE

Defendant Attorney General of the United States (the "Attorney General") respectfully responds to the motion to intervene as a defendant filed by the Georgia Association of Latino-Elected Officials ("movant-intervenor"). Movant-intervenor is an organization, founded in Georgia, whose membership consists of residents and registered voters of Georgia. Movant-intervenor seeks permissive intervention under Rule 24(b)(1) and intervention of right under Rule 24(a)(2) of the Federal Rules of Civil Procedure. Movant-intervenor filed its motion to intervene on July 15, 2010 (Docket # 13).

Consistent with his longstanding position in Voting Rights Act cases before this Court, the Attorney General does not oppose permissive intervention under Rule 24(b)(1), but submits that the conditions are not met for intervention of right under Rule 24(a)(2).

**Rule 24 Intervention Standard**

Movant-intervenor seeks to intervene as a defendant to this action under Rule 24. Rule 24 provides two ways to intervene as a party to litigation:

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
>
> (b) Permissive Intervention. (1) In General. On timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact.

Fed. R. Civ. P. 24. Rule 24 "governs intervention" in this case. *Georgia v. Ashcroft*, 539 U.S. 461, 476-77 (2003).

**Intervention Under Rule 24(b)**

Movant-intervenor argues that it is eligible for permissive intervention as a defendant under Rule 24(b)(1). Rule 24(b)(1) gives this Court discretion to grant permissive intervention. The Attorney General does not oppose permissive intervention pursuant to Rule 24(b)(1).

This Court has "routinely allowed intervention by persons situated similarly" to this movant-intervenor in declaratory judgment actions brought by covered jurisdictions against the

Attorney General as the statutory defendant under the Voting Rights Act.[1]  *County Council of Sumter County v. United States*, 555 F. Supp. 694, 696 (D.D.C. 1983).  As an organization founded and resident in Georgia, the movant-intervenor possesses relevant knowledge and a "local perspective on the current and historical facts," *id*. at 697, that will arise in this litigation.

**Intervention Under Rule 24(a)**

Movant-intervenor argues that it is eligible to intervene as a defendant under Rule 24(a), which provides intervention of right under two circumstances.

---

[1] By Order of July 7, 2010, this Court granted permissive intervention to Defendant-intervenor Tyrone Brooks, et al. in this action.  *Georgia v. Holder*, No. 10-1062, Order of July 7, 2010 (D.D.C.).  *See also, e.g., Nw. Austin Mun. Utility Dist. No. One v. Gonzales*, 573 F. Supp. 2d 221, 230 (D.D.C. 2008), *reversed and remanded on other grounds*, 129 S. Ct. 2504 (2009); *North Carolina State Bd. of Elections v. United States*, No. 02-1174, Order of June 25, 2002 (D.D.C.); *Louisiana House of Representatives v. Ashcroft*, No. 02-0062, Order of June 6, 2002 (D.D.C.); *Florida v. United States*, No. 02-0941, Order of May 28, 2002 (D.D.C.); *Georgia v. Ashcroft*, 195 F. Supp. 2d 25, 32 (D.D.C. 2002), *aff'd in relevant part and vacated on other grounds*, 539 U.S. 461, 476-77 (2003); *Virginia v. Reno*, 117 F. Supp. 2d 46 (D.D.C. 2000); *Castro County v. Crespin*, 101 F.3d 121 (D.C. Cir. 1996); *Bossier Parish School Bd. v. Reno*, 157 F.R.D. 133 (D.D.C. 1994); *Texas v. United States*, 866 F. Supp. 20, 21 (D.D.C. 1994); *Lee County v. United States*, No. 93-708, 1994 WL 238848 (D.D.C. May 18, 1994); *Texas v. United States*, 802 F. Supp. 481, 482 n.1 (D.D.C. 1992); *Mississippi v. United States*, No. 87-3464, 1988 WL 58904 (D.D.C. May 20, 1988); *South Carolina v. United States*, 589 F. Supp. 757, 758 (D.D.C. 1984); *City of Lockhart v. United States*, 460 U.S. 125, 129 (1983); *Comm'rs Court of Medina County v. United States*, 683 F.2d 435, 438 (D.C. Cir. 1982), *appeal after remand*, 719 F.2d 1179 (D.C. Cir. 1983); *Donnell v. United States*, 682 F.2d 240, 244 (D.C. Cir. 1982); *Busbee v. Smith*, 549 F. Supp. 494 (D.D.C. 1982), *aff'd on other grounds*, 459 U.S. 1166 (1983); *City of Port Arthur v. United States*, 517 F. Supp. 987, 991 n. 2 (D.D.C. 1981), *aff'd on other grounds*, 459 U.S. 159 (1982); *Mississippi v. United States*, 490 F. Supp. 569, 574 (D.D.C. 1979), *aff'd on other grounds*, 444 U.S. 1050 (1980); *City of Dallas v. United States*, 482 F. Supp. 183, 184 (D.D.C. 1979); *Virginia v. United States*, 386 F. Supp. 1319, 1321 (D.D.C. 1974), *aff'd on other grounds*, 420 U.S. 901 (1975); *City of Richmond v. United States*, 376 F. Supp. 1344, 1349 n. 23 (D.D.C. 1974), *vacated on other grounds*, 422 U.S. 358 (1975); *New York v. United States*, 65 F.R.D. 10 (D.D.C. 1974); *Beer v. United States*, 374 F. Supp. 363, 367 n. 5 (D.D.C. 1974), *vacated on other grounds*, 425 U.S. 130, 133 n.3 (1976); *City of Petersburg v. United States*, 354 F. Supp. 1021, 1024 (D.D.C.1972), *aff'd*, 410 U.S. 962 & *aff'd sub nom. Diamond v. United States*, 412 U.S. 901 (1973).  The unpublished orders cited above are attached as part of Exhibit 1.

First, Rule 24(a)(1) provides for intervention of right when intervention is expressly provided by a federal statute. No federal statute confers the right to intervene here and movant-intervenor does not so contend.

Second, Rule 24(a)(2) provides for intervention of right when the movant has certain interests in the litigation at issue and when the movant's interests are not already adequately represented by the existing parties to the litigation. However, there is no indication that the Attorney General will not properly carry out his responsibility to defend this lawsuit. Under the Voting Rights Act, the Attorney General is charged with protecting the public interest in eradicating racial discrimination in voting. To that end, the Attorney General administers the Section 5 preclearance process, brings affirmative suits to enforce the Act, and serves as the statutory defendant in cases brought in this Court regarding the Act. *See, e.g.*, 42 U.S.C. §§ 1973b(a), 1973c, 1973j(d), 1973*l*(b). Likewise, the Attorney General is charged by statute to defend the constitutionality of all Acts of Congress. 28 U.S.C. § 2403(a).

While this Court has, in some limited instances, granted intervention of right under Rule 24(a)(2),[2] the majority of instances where this Court has granted intervention in Voting Rights Act cases have been either permissively under Rule 24(b)(1) or silent about the basis for intervention.[3] As indicated above, on July 7, 2010, this Court granted permissive intervention in

---

[2] *See N.C. State Bd. of Elections v. United States*, No. 02-1174, Order of June 25, 2002 (D.D.C.); *Florida v. United States*, No. 02-0941, Orders of May 28 and June 4, 2002 (D.D.C.); *Georgia v. Ashcroft*, No. 01-2111, Orders of Jan. 10 and 30, 2002 (D.D.C.), *aff'd in relevant part and vacated on other grounds*, 539 U.S. 461, 476-77 (2003). These unpublished Orders are attached as part of Exhibit 1. The Georgia and North Carolina cases involved a demonstrated distance between the positions taken by the Attorney General and the movants there. The Florida case was a fast-moving redistricting case in which this Court granted intervention prior to a response by the Attorney General.

[3] *See also, e.g.*, *Nw. Austin Mun. Utility Dist. No. One v. Gonzales*, No. 06-1384, Orders of Nov. 9, 2006, Nov. 15, 2006, Nov. 17, 2006, Mar. 26, 2007 (D.D.C.) (silent); *Virginia v.*

this action to private intervenors Tyrone Brooks, et al. Because permissive intervention is available, this Court need not grapple with the question of whether the Attorney General adequately represents the interests of the movant-intervenor.

### Conclusion

The Attorney General does not oppose permissive intervention under Rule 24(b)(1). Because there is no statute that confers a right to intervene, and because there is no indication that the Attorney General will not adequately represent the interests of the movant-intervenor in this litigation, the conditions are not met for intervention as of right under Rules 24(a)(1) or 24(a)(2).

---

*Reno*, No. 00-0751, Orders of July 14, 2000 and Sep. 1, 2000 (D.D.C.) (permissive); *Bossier Parish School Bd. v. Reno*, 157 F.R.D. 133 (D.D.C. 1994) (permissive); *Texas v. United States*, 802 F. Supp. 481, 482 n.1 (D.D.C. 1992) (permissive); *Mississippi v. United States*, No. 87-3464, 1988 WL 58904 (D.D.C. May 20, 1988) (permissive); *City of Lockhart v. United States*, 460 U.S. 125, 129 (1983) (silent). The unpublished orders cited above are attached as part of Exhibit 1.

Date: July 15, 2010

|  |  |
|---|---|
| RONALD C. MACHEN, JR.<br>United States Attorney<br>District of Columbia | Respectfully submitted,<br><br>THOMAS E. PEREZ<br>Assistant Attorney General<br>Civil Rights Division<br><br>*/s/ Brian F. Heffernan*<br>_____<br>T. CHRISTIAN HERREN, JR.<br>BRIAN F. HEFFERNAN (lead counsel)<br>Voting Section<br>Civil Rights Division<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20530<br>Telephone:    (202) 514-4755<br>Facsimile:    (202) 307-3961 |

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 15, 2010, I served a true and correct copy of the foregoing via the Court's ECF filing system on the following counsel of record:

Ann W. Lewis
Frank B. Strickland
Bryan P. Tyson
Strickland, Brockington, Lewis LLP
Midtown Proscenium Suite 2200
1170 Peachtree Street NE
Atlanta, GA 30309
Phone: (678) 347-2200
Fax: (678) 347-2210

*Counsel for Plaintiff*

Nina Perales
Mexican American Legal Defense and
Educational Fund, Inc.
110 Broadway
Suite 300
San Antonio, TX 78205
Phone: (210) 224-5476
Fax: (210) 224-5382

*Counsel for Movant-intervenor*

Jon M. Greenbaum
Lawyers' Committee for Civil Rights under Law
1401 New York Avenue, NW
Suite 400
Washington, DC 20005
Phone: (202) 662-8325

*Counsel for Intervenors Tyrone Brooks, et al.*

　　　　　　　　　　　　　　　　　　*/s/ Brian F. Heffernan*
　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Brian F. Heffernan
　　　　　　　　　　　　　　　　　　Voting Section
　　　　　　　　　　　　　　　　　　Civil Rights Division
　　　　　　　　　　　　　　　　　　U.S. Department of Justice
　　　　　　　　　　　　　　　　　　950 Pennsylvania Avenue, N.W.
　　　　　　　　　　　　　　　　　　Washington, D, C, 20530
　　　　　　　　　　　　　　　　　　(202) 514-4755