# UNPUBLISHED ORDERS

_____

                              )

**STATE OF GEORGIA,**         )

                              )

           **Plaintiff,**       )

                              )

             **v.**             )      **Civil Action No. 10-1062 (ESH)**

                              )

**ERIC H. HOLDER, in his official**   )

**capacity as Attorney General of the**  )

**United States,**            )

                              )

           **Defendant.**     )

_____)

## ORDER

Before the Court is the Motion to Intervene as Defendants filed by Tyrone Brooks, Edward O. DuBose, Helen Butler, Georgia Association of Black Elected Officials, Georgia State Conference NAACP, and Georgia Coalition for the Peoples' Agenda ("Movants"). Movants seek to intervene either as of right, *see* Fed. R. Civ. P. 24(a)(1), or permissively, *see* Fed. R. Civ. P. 24(b)(1)(A) and (B). The parties do not oppose permissive intervention. Accordingly, upon consideration of the motion and the lack of opposition to permissive intervention, it is hereby

     **ORDERED** that the motion to intervene as defendants pursuant to Federal Rule of Civil Procedure 24(b)(1)(A) and (B) [dkt. #5] is **GRANTED**; it is further

     **ORDERED** that defendant-intervenors Tyrone Brooks, Edward O. DuBose, Helen Butler, Georgia Association of Black Elected Officials, Georgia State Conference NAACP, and Georgia Coalition for the Peoples' Agenda shall file their Answer; and it is further

**ORDERED** that defendant-intervenors' Answer shall be deemed filed as of the date of

this Order.

_____/s/_____
THOMAS B. GRIFFITH
United States Circuit Judge

_____/s/_____
HENRY H. KENNEDY
United States District Judge

_____/s/_____
ELLEN SEGAL HUVELLE
United States District Judge

DATE: July 7, 2010

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

|  |  |
|---|---|
| NORTHWEST AUSTIN MUNICIPAL UTILITY DISTRICT, ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Civil Action No. 06-1384 (DST, PLF, EGS) |
| ALBERTO GONZALES, ) Attorney General of the United States, ) ) | |
| Defendants. ) ) | |

---

### ORDER

Before the Court are the motions to intervene of the Texas State Conference of NAACP Branches, *et al.*, Rodney Louis, *et al.*, and David Diaz, *et al.*  Upon consideration of the motions, oppositions, replies, and the record of the entire case, it is hereby

ORDERED that the motion of the Texas State Conference of NAACP Branches, *et al.*, to intervene [9] is GRANTED;  it is

FURTHER ORDERED that the answer of defendant-intervenors Texas State Conference of NAACP Branches, *et al.*, shall be deemed filed as of the date of this Order;  it is

FURTHER ORDERED that the motion of Rodney Louis, *et al.*, to intervene [10] is GRANTED;  it is

FURTHER ORDERED that the answer of defendant-intervenors Rodney Louis, *et al.*, shall be deemed filed as of the date of this Order;  it is

FURTHER ORDERED that the motion to amend or correct [22] the motion of David Diaz, *et al.*, to intervene is GRANTED, and Gabriel Diaz is therefore added as a proposed defendant-intervenor;  it is

FURTHER ORDERED that the motion of David Diaz, *et al.*, to intervene [13] is GRANTED;  it is

FURTHER ORDERED that the answer of defendant-intervenors, David Diaz, *et al.*, shall be deemed filed as of the date of this Order;  and it is

FURTHER ORDERED that the plaintiff, defendant, and defendant-intervenors, in compliance with Local Civil Rule 16.3 of this Court and Rule 26(f) of the Federal Rules of Civil Procedure, shall meet and confer and submit to this Court a joint report on or before November 28, 2006.  The parties shall particularly address the issue of what dispositive motions, if any, they intend to file and what briefing schedule they propose.

SO ORDERED.

_____/s/_____
DAVID S. TATEL
United States Circuit Judge


_____/s/_____
PAUL L. FRIEDMAN
United States District Judge


_____/s/_____
EMMET G. SULLIVAN
United States District Judge

DATE:  November 9, 2006

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                                        )
NORTHWEST AUSTIN MUNICIPAL              )
UTILITY DISTRICT,                       )
                                        )
                Plaintiff,              )
                                        )
        v.                              )          Civil Action No. 06-1384 (DST, PLF, EGS)
                                        )
ALBERTO GONZALES,                       )
Attorney General of the United States, et al., )
                                        )
                Defendants.             )
_____)
```

ORDER

Before the Court are the motions to intervene of People for the American Way,

Nathaniel Lesane, and Travis County, Texas. Upon consideration of the motions, oppositions,

replies, and the record of the entire case, it is hereby

ORDERED that the motion of the People for the American Way to intervene [19]

is GRANTED; it is

FURTHER ORDERED that the answer of defendant-intervenor People for the

American Way shall be deemed filed as of the date of this Order; it is

FURTHER ORDERED that the motion of Nathaniel Lesane to intervene [28] is

GRANTED; it is

FURTHER ORDERED that the answer of defendant-intervenor Nathaniel Lesane

shall be deemed filed as of the date of this Order; it is

FURTHER ORDERED that the motion of Travis County, Texas to intervene [23]

is GRANTED; it is

FURTHER ORDERED that the answer of defendant-intervenor Travis County, Texas shall be deemed filed as of the date of this Order; and it is

FURTHER ORDERED that plaintiff, defendants, and defendant-intervenors People for the American Way, Nathaniel Lesane, and Travis County, Texas, in compliance with this Court's November 9, 2006 Order and pursuant to Local Civil Rule 16.3 of this Court and Rule 26(f) of the Federal Rules of Civil Procedure, shall meet and confer and submit to this Court a joint report on or before November 28, 2006. The parties shall particularly address the issue of what dispositive motions, if any, they intend to file and what briefing schedule they propose.

SO ORDERED.

_____/s/_____
DAVID S. TATEL
United States Circuit Judge


_____/s/_____
PAUL L. FRIEDMAN
United States District Judge


_____/s/_____
EMMET G. SULLIVAN
United States District Judge

DATE: November 15, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
NORTHWEST AUSTIN MUNICIPAL              )
UTILITY DISTRICT,                       )
                                        )
                Plaintiff,              )
                                        )
        v.                              )        Civil Action No. 06-1384 (DST, PLF, EGS)
                                        )
ALBERTO GONZALES,                       )
Attorney General of the United States, et al., )
                                        )
                Defendants.             )
_____)

ORDER

Before the Court are the motions to intervene of Angie Garcia, *et al*. Upon

consideration of the motions, oppositions, and the record of the entire case, it is hereby

ORDERED that the motion of Angie Garcia, *et al.*, to intervene [32] is

GRANTED; it is

FURTHER ORDERED that the answer of defendant-intervenor Angie Garcia,

*et al.,* shall be deemed filed as of the date of this Order; it is

FURTHER ORDERED that defendant-intervenors Angie Garcia, *et al.*, in

compliance with this Court's November 9, 2006 and November 15, 2006 Orders and pursuant to

Local Civil Rule 16.3 of this Court and Rule 26(f) of the Federal Rules of Civil Procedure, shall

meet and confer with plaintiff, defendants, and defendant-intervenors already parties in this case,

and submit to this Court a joint report on or before November 28, 2006. The parties shall

particularly address the issue of what dispositive motions, if any, they intend to file and what

briefing schedule they propose; and it is

FURTHER ORDERED that defendant-intervenors Angie Garcia, *et al.*, as well as all other defendants and defendant-intervenors already parties in this case, and in compliance with this Court's November 15, 2006 Order, shall submit a report on or before November 28, 2006 discussing what steps will be taken to avoid duplication of effort by defendants, to reduce redundant filings and discovery requests, and to promote efficiency in the litigation of this matter. Specifically, the defendant and intervenor-defendants will address coordination of their efforts through a lead counsel.

SO ORDERED.

_____/s/_____
DAVID S. TATEL
United States Circuit Judge

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

_____/s/_____
EMMET G. SULLIVAN
United States District Judge

DATE: November 17, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NORTHWEST AUSTIN MUNICIPAL UTILITY DISTRICT, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 06-1384 (DST, PLF, EGS) |
| ALBERTO GONZALES, Attorney General of the United States, et al., | ) ) ) | |
| Defendants. | ) ) | |

ORDER

Before the Court is the motion to intervene of Winthrop Graham, *et al*. Upon

consideration of the motion, opposition, reply, and the record of the entire case, it is hereby

ORDERED that the motion of Winthrop Graham, *et al.*, to intervene [70] is

GRANTED; it is

FURTHER ORDERED that the plaintiff may move for a reasonable extension of

time to complete any necessary discovery related to the Graham defendant-intervenors.

SO ORDERED.

\_\_\_\_\_/s/_____
DAVID S. TATEL
United States Circuit Judge

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

_____/s/_____
EMMET G. SULLIVAN
United States District Judge

DATE:

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

COMMONWEALTH OF VIRGINIA,

Plaintiff,

v.

JANET RENO, et al.,

Defendants.

Civil Action 00-00751
(HHK)

**FILED**

JUL 1 4 2000

NANCY MAYER WHITTINGTON, CLERK.
U.S. DISTRICT COURT

## ORDER

Upon consideration of the motions before the court, the oppositions thereto, and oral argument, the court has concluded that the would-be intervenors' motions for intervention under Fed. R. Civ. P. 24(b) should be granted and that defendant's motion for an extension of time to meet and confer and to postpone briefing on plaintiff's motion for summary judgment should be granted in part and denied in part. Accordingly, it is this *14th* day of July, 2000, hereby

**ORDERED** that the motion to intervene filed June 20, 2000 by Henry L. Marsh, et al. [doc. 9] is granted insofar as it requests permissive intervention; and it is further

**ORDERED** that the motion to intervene filed June 28, 2000 by Virginia State Conference, et al. [doc. 10] is granted insofar as it requests permissive intervention; and it is further

**ORDERED** that the motion to intervene filed June 29, 2000 by George P. Smith, et al. [doc. 11] is granted insofar as it requests permissive intervention; and it is further

**ORDERED** that each group of intervenors shall designate one attorney to serve as counsel for that group; and it is further

**ORDERED** that intervenors will comply with the schedule set by the court; and it is further

**ORDERED** that defendant's motion for an extension of time to meet and confer and to postpone briefing on plaintiff's motion for summary judgment [doc. 17] is granted in part and denied in part; and it is further

**ORDERED** that the parties shall not be required to meet and confer until ordered to do so by this court; and it is further

**ORDERED** that briefing of plaintiff's motion for summary judgment shall not be stayed pending decision on defendant's motion to dismiss; and it is further

**ORDERED** that defendant shall have fourteen days from the date of this order to file its opposition to plaintiff's motion for summary judgment.

Henry H. Kennedy, Jr.
United States District Judge

2

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

COMMONWEALTH OF VIRGINIA,

Plaintiff,

v.

JANET RENO, et al.,

Defendants.

Civil Action 00-00751
(HHK, ESH, JWR)

FILED

SEP - 1 2000

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## ORDER

Before the court is the motion of the City of Los Angeles, *et al.*, to intervene as defendants, docketed July 26, 2000. Upon consideration of the motion, the opposition thereto, and the record of this case, the court concludes that the motion to intervene should be granted under Rule 24(b) of the Federal Rules of Civil Procedure.

Accordingly, it is this 1st day of September, 2000, hereby

**ORDERED** that the motion of the City of Los Angeles, *et al.*, to intervene as defendants in this case is **GRANTED**; and it is further

**ORDERED** that the answer to the complaint and response to plaintiff's motion for summary judgment submitted with the motion of the City of Los Angeles, *et al.* to intervene shall be deemed filed as of the date of docketing of this order; and it is further

**ORDERED** that the City of Los Angeles, *et al.*, defendants shall designate



one attorney or firm to serve as counsel for this group of intervenor defendants.


Henry H. Kennedy, Jr.
United States District Judge


Ellen Segal Huvelle
United States District Judge


Judith W. Rogers
United States Circuit Judge

**FILED**

JAN 1 0 2002

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

|  |  |
|---|---|
| THE STATE OF GEORGIA, )<br><br>Plaintiff, )<br><br>v. )<br><br>JOHN ASHCROFT, *et al.*, )<br><br>Defendants. ) | Civil Action No. 01-2111 (EGS HTE LFO) [33]<br><br>THREE-JUDGE COURT |

Before EDWARDS, Circuit Judge, SULLIVAN, District Judge, and OBERDORFER, Senior District Judge.

### ORDER

On January 7, 2002, Patrick L. Jones, Roielle L. Tyra, Della Steele and Georgia W. Benton renewed their motion to intervene in this matter. Movants are African-American registered voters from the State of Georgia. On December 20, 2001, this Court dismissed without prejudice movants' motion to intervene because the United States had not yet identified its legal position with respect to Georgia's request for declaratory judgment. Without an understanding of defendants' position, the Court was unable to determine whether the existing parties to this litigation adequately represented movants' interests.

On December 31, 2001, defendants filed a notice identifying their legal position. According to this notice, defendants do not contend that Georgia's proposed redistricting plan for the United States Congressional districts violates the Voting Rights Act. The United States does, however, contend that Georgia's

(N 1

41

proposed State Senate plan violates Section 5 of the Voting
Rights Act, based on its analysis of State Senate plan's proposed
Second, Twelfth and Twenty-Sixth districts. The United States'
position as to the State House plan is somewhat equivocal. While
the United States clearly states it does not contend that the
State House plan violates the Voting Rights Act, in an "Amended
Identification of Issues," it suggests that it will be able to
"confirm its position" by January 15, 2002.

In their renewed motion, movants seek leave to intervene as
defendants in order to challenge all three proposed redistricting
plans as retrogressive and in violation of Section 5 of the
Voting Rights Act. Movants assert that five proposed Senate
districts, including those identified by defendants, retrogress.
With respect to the State House plan, movants contend that seven
proposed districts retrogress.

The Attorney General has affirmatively stated that he does
not contend that the United States Congressional redistricting
plan proposed by Georgia violates the Voting Rights Act. As
such, no real dispute exists between the parties with respect to
this plan. While this Court is mindful that plaintiff bears the
ultimate burden of demonstrating that the three proposed plans
have neither the purpose nor effect of denying or abridging the
right of minority citizens of Georgia to vote, the Court is not
convinced that intervention as to the Congressional plan would be
consistent with the fair and efficient administration of

justice.[1] In light of the stated position of defendants, this Court will not "accommodate the intervenor[s'] quest for a forum in which to test a voting plan," which the United States does not contend violates the Voting Rights Act. *City of Dallas v. United States*, 482 F. Supp. 183 (D.D.C. 1980); *see also Morris v. Gressette*, 432 U.S. 491, 97 S. Ct. 2411 (1977) (holding that Attorney General's failure to object to a change in voting laws subject to Section 5 was not subject to judicial review); *Harris v. Bell*, 562 F.2d 772, 774 (D.C. Cir. 1977) (holding that no judicial review was available where individual African-American registered voters from Georgia sought to challenge the Attorney General's withdrawal of objections to a county redistricting statute); *Commisioners Court of Medina County, Texas v. United States*, 683 F.2d 435 (D.C. Cir. 1982) (noting that, in Section 5 cases, defendant-intervenor "may not continue to litigate" once the parties have settled).

With respect to the State Senate plan and, to a lesser extent, the State House plan,[2] it is clear that the Attorney

---

[1]     Consistent with this Court's December 20, 2001 Initial Scheduling and Pretrial Order, movants have been granted leave to file appropriate *amicus curiae* pleadings as to any additional relevant issues.

[2]     The Court again notes the elusive nature of the United States' position regarding the State House plan. In the event that defendants unequivocally assert that they do not contend that the State House plan violates the Voting Rights Act, this Court will rely on the same authority, which forms the basis for its denial of movants' request to intervene as to the Congressional plan.

3

General has not approved the proposed plans and that a real controversy continues to exist between the parties. As minority voters, movants allege that their right to vote will be impaired by the proposed redistricting plans. Thus, movants have demonstrated that they have standing and an interest in this case. *See Federal Election Comm'n v. Akins*, 523 U.S. 11, 25, 118 S. Ct. 978 (1998) (recognizing that, in voting rights cases, minimal injury satisfies the injury in fact). Movants' analysis of the State House and Senate redistricting plans identifies interests that are not adequately represented by the existing parties. Therefore, the Court grants movants' request to intervene as to the State Senate and State House plans. Fed. R. Civ. P. 24(a)(2).

For the foregoing reasons and upon consideration of the Renewed Motion to Intervene filed by Patrick L. Jones, Roielle L. Tyra, Della Steele and Georgia W. Benton, the plaintiff's and defendants' responses thereto, the relevant statutory and case law, the full record of this matter, the expedited nature of these proceedings, and pursuant to 28 U.S.C. § 2284(b)(3), it is hereby

**ORDERED** that the Renewed Motion to Intervene [33] is **GRANTED** with respect to the State Senate redistricting plan and the State House redistricting plan, and is **DENIED** with respect to the United States Congressional redistricting plan; and it is

4

**FURTHER ORDERED** that all parties, including the Intervenors, shall adhere to this Court's December 20, 2001 Initial Scheduling and Pretrial Order.

**IT IS SO ORDERED FOR THE COURT.**

1/10/02
DATE

EMMET G. SULLIVAN
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**FILED**

JAN 3 0 2001

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

THE STATE OF GEORGIA,              )
                                  )
              Plaintiff,          )
                                  )     Civil Action No. 01-2111 (EGS
    v.                            )     HTE LFO)
                                  )
JOHN ASHCROFT, *et al.*,          )     THREE-JUDGE COURT
                                  )
              Defendants.         )
_____ )

Before EDWARDS, Circuit Judge, SULLIVAN, District Judge, and
OBERDORFER, Senior District Judge.

## ORDER

On January 10, 2002, the Court granted Patrick L. Jones,
Roielle L. Tyra, Della Steele and Georgia W. Benton leave to
intervene as defendants in this matter with respect to the
proposed State House and State Senate redistricting plans, and
denied intervenors' motion with respect to the United States
Congressional redistricting plan.  Upon consideration of the
parties' recent filings, arguments of counsel at the January 25,
2002 pretrial conference, and the relevant statutory and case
law, it is hereby

**ORDERED** that Patrick L. Jones, Roielle L. Tyra, Della Steele
and Georgia W. Benton are granted leave to intervene with respect
to the United States Congressional redistricting plan; and it is



**FURTHER ORDERED** that the portion of the Court's January 10, 2002 Order, which denies movants' request to intervene with respect to the United States Congressional redistricting plan, is **VACATED**.

       **IT IS SO ORDERED FOR THE THREE-JUDGE COURT.**

1/25/02
DATE

EMMET G. SULLIVAN
UNITED STATES DISTRICT JUDGE

2

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| STATE OF FLORIDA, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 02-0941 (JR) |
| | : |
| UNITED STATES, *et al.*, | : |
| | : |
| Defendants. | : |

## ORDER

The motions of Alcee L. Hastings, Lavita Holmes, Robert Henriquez, Carl Warren, UNO Federation for Community Services, Inc., and Southwest Voter Registration Education Project, Inc. to intervene [#5][#13] are **granted** pursuant to Fed.R.Civ.P. 24(a). The intervenors will be aligned as defendants. The motion to admit Jonathan D. Hacker, Ronald A. Klain, and Jeremy B. Bash pro hac vice [#5] is **granted.**

The application of defendant-intervenors for a temporary restraining order is **denied.**

The parties are **directed** to deliver to the Chambers of Judge Rogers two "hard copies" of all papers filed in this case.

Judith W. Rogers      James Robertson      Henry H. Kennedy, Jr.
U.S. Circuit Judge   U.S. District Judge      U.S. District Judge

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

STATE OF FLORIDA,                         :
                                          :
          Plaintiff,                      :
                                          :
     v.                                   :  Civil Action No. 02-0941 (JR)
                                          :
UNITED STATES, *et al.*,                  :
                                          :
          Defendants.                     :

## ORDER

        The motion of Governor Jeb Bush, Senate President John
McKay, and House Speaker Tom Feeney to intervene [#33] is **granted**
pursuant to Fed.R.Civ.P. 24(a).  These intervenors will be
aligned as plaintiffs.

        The motion of United States Representative Peter
Deutsch, <u>et al.</u> to intervene [#15] is **granted** pursuant to
Fed.R.Civ.P. 24(a).  These intervenors will be aligned as
defendants.

        The motions to admit attorneys Norman C. Powell,
Thomasina H. Williams, and Miguel De Grandy pro hac vice [#27,
28, 33] are **granted**.

        The parties are **directed** to deliver to the Chambers of
Judge Rogers two "hard copies" of all papers filed in this case.


Judith W. Rogers     James Robertson        Henry H. Kennedy, Jr.
U.S. Circuit Judge   U.S. District Judge    U.S. District Judge

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

```
THE LOUISIANA HOUSE OF            :
REPRESENTATIVES, et al.,          :
                                  :
          Plaintiffs,             :
                                  :
     v.                           : Civil Action No. 02-0062 (JR)
                                  :
JOHN ASHCROFT, Attorney General,  :
                                  :
          Defendant.              :
```

**ORDER**

The joint motion requesting a scheduling conference
[#27] is **granted.** The conference is set for **June 25, 2002, at
10 a.m. in Courtroom 16.**

The renewed motions to intervene of Louisiana Community
Coalition on Fair and Equal Representation <u>et al.</u> [#30] and
Citizens of the State of Louisiana and members of the Louisiana
Legislative Black Caucus [#31] are **granted.**

MERRICK B. GARLAND      JAMES ROBERTSON       REGGIE B. WALTON
U.S. Circuit Judge      U.S. District Judge   U.S. District Judge

**FILED**

JUN 2 5 2002

NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

NORTH CAROLINA STATE ) 
BOARD OF ELECTIONS, )
 )
      Plaintiff, )
 )
      v. )     Civil Action No. 02-1174 (LFO DST GK)
 )
UNITED STATES and )     THREE-JUDGE COURT
JOHN ASHCROFT, as Attorney )
General of the United States, )
 )
      Defendants. )
_____)

## ORDER

Pending before this three-judge court are two motions to intervene. In the first, Ashley Stephenson, a registered voter in North Carolina; Leo Daughtrey, Patrick Balantine, and Art Pope, individually and in their positions as Republican state legislators; and Bill Cobey, individually and as Chairman of the North Carolina Republican Party, move to intervene on behalf of the Plaintiff, the North Carolina State Board of Elections ("the Board"). In the second motion, Marc Basnight, President <u>Pro Tempore</u> of the North Carolina Senate, and James Black, Speaker of the North Carolina House of Representatives, move to intervene on behalf of the Defendants, the United States and John Ashcroft (collectively, "the United States").

Having considered the briefs filed by all parties and the relevant case law, we conclude that both motions satisfy the requirements for intervention under Federal Rule of Civil Procedure 24(a) and will be granted. The Board filed this lawsuit to obtain pre-clearance for a redistricting plan crafted by a state court in 2002, in order to determine whether it should implement that plan or one enacted by the North Carolina General Assembly in 2001 and pre-cleared by the

(N)

24

Department of Justice in 2002. The Plaintiff-Intervenors were the plaintiffs in the state court action that ultimately led to the 2002 plan, and members of the Board were among the defendants in that action. While the Board and the Plaintiff-Intervenors seek pre-clearance of the same redistricting plan, the Plaintiff-Intervenors urge that this objective be achieved through parallel administrative proceedings pending in the Department of Justice. They further argue that the Board may not even be authorized to bring this action. Indeed, the Plaintiff-Intervenors have moved to dismiss this lawsuit on jurisdictional grounds and in deference to the Department of Justice proceedings.

The proposed Defendant-Intervenors actively oppose pre-clearance of the state court's 2002 plan in favor of the legislature's 2001 plan. This position is not entirely consistent with that of the defendant, the United States. Indeed, the Department of Justice, as noted, is currently evaluating the competing state court's 2002 plan pursuant to Section 5 of the Voting Rights Act and could possibly pre-clear it, a result that would be diametrically opposed to the Defendant-Intervenors' interests in this action.

In sum, neither the Board nor the United States can claim to adequately represent the interests of the respective sets of proposed intervenors. All other requirements for intervention are likewise satisfied. Accordingly, and in consideration of the expedited nature of these proceedings, it is this _25th_ day of June 2002 hereby

ORDERED: that the Plaintiff-Intervenors' and the Defendant-Intervenors' motions to intervene are GRANTED; and it is further

2

ORDERED: that the Clerk of Court shall file the Plaintiff-Intervenors' Proposed Complaint-In-Intervention and the Defendant-Intervenors' Answer.

For the Three-Judge Court:

UNITED STATES DISTRICT JUDGE

IN THE UNTIED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

JUN 2 6 2002

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| **NORTH CAROLINA STATE BOARD**<br>**OF ELECTIONS,**<br>*Plaintiff,*<br><br>**v.**<br><br>**UNITED STATES,** *et al.,*<br>*Defendants.* | Civil Action No. **02-1174**<br>(LFO DST GK)<br><br>THREE-JUDGE COURT |

## ORDER

The motion of Linda Sample to intervene in this action pursuant to Federal Rule of Civil Procedure 24 is hereby granted. This Court, in the sound exercise of its discretion pursuant to Rule 24, finds that this case involves substantially the same issues as are presented in the federal action Movant Linda Sample filed in United States District for the Eastern District of North Carolina, <u>Sample v. Jenkins, et al.</u>, 5:02-CV-383BR(3), and that she has a strong interest in appearing here to protect the relief she may receive there. Her motion is timely and will not delay or prejudice the interests of the other parties.

Hon. Louis F. Oberdorfer
United States District Judge
(For the Court)

June 26, 2002
Date

34