IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
-------------------------------------------------- X
State of Georgia,                                  :
                                                   :
                Plaintiff,                         :
                                                   :
        v.                                         :
                                                   :
Eric H. Holder, Jr.,                               :      No. 10 Civ 1062 (ESH-HHK)
in his official capacity as                        :
Attorney General of the United States,             :
                                                   :
                Defendant,                         :
                                                   :
        and                                        :
                                                   :
Marvin Lim; Organization of Chinese                :
Americans; Asian American Legal                    :
Advocacy Center,                                   :
                                                   :
                Applicants to Intervene.           :
-------------------------------------------------- X
```

## ANSWER OF INTERVENOR-DEFENDANTS TO COMPLAINT

Intervening Defendants Marvin Lim, Organization of Chinese Americans Georgia Chapter, and Asian American Legal Advocacy Center of Georgia ("Intervenor-Defendants"), by and through their counsel of record, hereby answer each of the numbered paragraphs of the Complaint filed by the Plaintiff State of Georgia in the above-captioned action as follows:

1. Intervenor-Defendants admit the allegations of Paragraph 1 to the extent that they describe a statutory basis asserted by Plaintiff for the claims presented in the Complaint.

1

2. Intervenor-Defendants admit the allegations of Paragraph 2 to the extent Plaintiff is authorized by the Voting Rights Act or 28 U.S.C. § 2201.

3. Intervenor-Defendants admit the allegations of Paragraph 3.

4. The allegations in Paragraph 4 are statements and/or conclusions of law to which no response is required.

5. The allegations in Paragraph 5 are statements and/or conclusions of law to which no response is required.

6. The allegations in Paragraph 6 are statements and/or conclusions of law to which no response is required.

7. Intervenor-Defendants admit the allegations of Paragraph 7 to the extent that they describe the statutory basis asserted by Plaintiff for the claims presented in the Complaint. Intervenor-Defendants deny the remainder of the allegations of Paragraph 7.

8. Intervenor-Defendants admit the allegations of Paragraph 8.

9. Intervenor-Defendants admit the allegations of Paragraph 9.

10. Intervenor-Defendants admit the allegations of Paragraph 10.

### Verification Requirements under Federal Law

11. Intervenor-Defendants admit the allegations of Paragraph 11, except to the extent the preamble of the Help America Vote Act ("HAVA") refers to "minimum election administration standards" rather than "minimum election standards" as alleged.

12. The allegations in Paragraph 12 are statements and/or conclusions of the law to which no response is required.

13. The allegations in Paragraph 13 are statements and/or conclusions of law to which no response is required.

14. The allegations in Paragraph 14 are statements and/or conclusions of law to which no response is required.

15. The allegations in Paragraph 15 are statements and/or conclusions of law to which no response is required.

16. The allegations in Paragraph 16 are statements and/or conclusions of law to which no response is required.

17. Intervenor-Defendants, upon information and belief, deny that Plaintiff "collected full Social Security numbers from each registrant"; the remainder of the allegations in of Paragraph 17 are statements and/or conclusions of law to which no response is required.

### Communications with the Department of Justice

18. Intervenor-Defendants deny that Plaintiff's verification procedure is "required under Section 303(a)(5)"; Intervenor-Defendants lack sufficient knowledge to admit or deny the remainder of the allegations in Paragraph 18.

19. Intervenor-Defendants lack sufficient knowledge to admit or deny the allegations of Paragraph 19.

20. Intervenor-Defendants lack sufficient knowledge to admit or deny the allegations of Paragraph 20.

21. Intervenor-Defendants admit the allegations of Paragraph 21 to the extent that they describe aspects of the procedures that Plaintiff identifies as the "Georgia HAVA verification process"; Intervenor-Defendants deny the allegations of Paragraph 21 to the extent that they imply HAVA requires the described procedure.

22. Intervernor-Defendants deny the allegations of Paragraph 22 to the extent that they imply HAVA requires Plaintiff's verification process; Intervenor-Defendants admit the remainder of the allegations of Paragraph 22.

23. Intervenor-Defendants deny the allegations of Paragraph 23; in a suit against Georgia's then-Secretary of State Karen Handel, Jose Morales, resident of Cherokee County, Georgia, is being represented by attorneys from the Mexican American Legal Defense and Educational Fund, the Voting Rights Project of the American Civil Liberties Union and the Lawyer's Committee for Civil Rights Under Law. Intervernor-Defendants further deny the allegations of Paragraph 23 to the extent that they imply HAVA requires Plaintiff's verification process.

24. Intervenor-Defendants admit the allegations of Paragraph 24 to the extent that the Chief of the Voting Section of the Civil Rights Division at the DOJ sent Plaintiff a letter dated October 10, 2008, regarding Georgia's Social Security Administration records matching; Intervernor-Defendants deny the allegations of Paragraph 24 to the extent that they imply HAVA requires Plaintiff's verification process.

25. Intervenor-Defendants admit the allegations of Paragraph 25 to the extent that the Georgia Attorney General made a Section 5 submission on October 14, 2008; upon information and belief, Intervenor-Defendants deny that Georgia's submission to DOJ fully contained what is described as the "HAVA verification process" in the Complaint; Intervenor-Defendants further deny the allegations of Paragraph 25 to the extent that they imply HAVA requires Plaintiff's verification process; Intervenor-Defendants lack sufficient knowledge to admit or deny the remainder of the allegations of Paragraph 25.

26. Upon information and belief, Intervenor-Defendants deny that Georgia's submission to DOJ fully contained what is described as the "HAVA verification process" in the Complaint; Intervenor-Defendants further deny the allegations of Paragraph 26 to the extent that they imply HAVA requires Plaintiff's verification process; Intervenor-Defendants admit the remaining allegations of Paragraph 26.

27. Intervenor-Defendants deny that the District Court in the <u>Morales</u> litigation imposed a "temporary HAVA verification process," as the court in Morales described its remedy as a "temporary remedy for the lack of preclearance"; Intervenor-Defendants further deny the allegations of Paragraph 27 to the extent that they imply HAVA requires Plaintiff's verification process; Intervenor-Defendants lack sufficient knowledge to admit or deny the remainder of allegations of Paragraph 27.

28. Upon information and belief, Intervenor-Defendants deny that Georgia's submission to DOJ fully contained what is described as the "HAVA verification process" in the Complaint; Intervenor-Defendants further deny the allegations of Paragraph 28 to the extent that they imply HAVA requires Plaintiff's verification process; Intervenor-Defendants admit the remaining allegations of Paragraph 28.

29. Intervenor-Defendants admit the allegations of Paragraph 29.

30. Intervenor-Defendants admit the allegations of Paragraph 30 to the extent that on May 29, 2009, DOJ objected to Georgia's submission; Intervenor-Defendants deny the remainder of the allegations of Paragraph 30; Intervenor-Defendants further deny the allegations of Paragraph 30 to the extent that they imply HAVA requires Plaintiff's verification process.

31. Intervenor-Defendants lack sufficient information to admit or deny the allegations of Paragraph 31.

32. Intervenor-Defendants admit the allegations of Paragraph 32 to the extent that on July 16, 2009, DOJ sent a letter to Plaintiff, attached as Exhibit 3 to the Complaint; Intervenor-Defendants deny the remainder of the allegations of Paragraph 32.

33. Intervenor-Defendants lack sufficient information to admit or deny the allegations of Paragraph 33.

34. Intervenor-Defendants admit the allegations of Paragraph 34 to the extent that Plaintiff submitted a revised process on August 11, 2009; Intervenor-Defendants lack sufficient information to admit or deny the remaining allegations of Paragraph 34.

35. Intervenor-Defendants admit the allegations of Paragraph 35 to the extent that on October 13, 2009, DOJ denied Plaintiff's request for reconsideration of the May 29, 2009 objection, and identified a portion of Plaintiffs' August 11, 2009 correspondence to be a new Section 5 submission; Intervenor-Defendants lack sufficient information to admit or deny the remaining allegations of Paragraph 35.

36. Intervenor-Defendants lack sufficient information to admit or deny the allegations of Paragraph 36.

37. Intervenor-Defendants lack sufficient information to admit or deny the allegations of Paragraph 37.

38. Upon information and belief, Intervenor-Defendants deny that Georgia's submission to DOJ fully contained what is described as the "HAVA verification process" in the Complaint; Intervenor-Defendants further deny the allegations of Paragraph 38 to

the extent that they imply HAVA requires Plaintiff's verification process; Intervenor-Defendants admit the remaining allegations of Paragraph 38.

39. Intervenor-Defendants deny the allegations of Paragraph 39.

40. Intervenor-Defendants lack sufficient information to admit or deny the allegations of Paragraph 40.

41. Intervenor-Defendants admit the allegations of Paragraph 41 to the extent that the Morales Court extended the "temporary remedy for the lack of preclearance" on June 15, 2010; Intervenor-Defendants deny the remainder of the allegations of Paragraph 41.

## Expedited Consideration

42. Intervenor-Defendants admit the allegations of Paragraph 42.

43. Intervenor-Defendants admit the allegations of Paragraph 43.

44. Intervenor-Defendants admit the allegations of Paragraph 44.

45. Intervenor-Defendants admit the allegations of Paragraph 45 to the extent that they describe the relief sought by Plaintiff; Intervenor-Defendants deny that Plaintiff is entitled to an expedited consideration of its claims; Intervenor-Defendants further deny the allegations of Paragraph 45 to the extent that they imply HAVA requires Plaintiff's verification process.

## The Georgia HAVA Verification Process Sought to be Precleared

46. Intervenor-Defendants deny that any federal law requires Georgia to enact the proposed legislation; Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of Georgia's intent in passing the legislation alleged in Paragraph 46.

47. Intervenor-Defendants admit the allegations set forth in Paragraph 47.

48. Intervenor-Defendants admit the allegations of Paragraph 48 to the extent that they describe the process Georgia purportedly plans to implement; Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the remainder of allegations in Paragraph 48; Intervenor-Defendants further deny the allegations of Paragraph 48 to the extent that they imply HAVA requires Plaintiff's verification process.

49. Intervenor-Defendants deny the allegations of Paragraph 49.

50. Intervenor-Defendants admit the allegations of Paragraph 50 to the extent that they describe the process Georgia purportedly plans to implement.

### Verification Process for Covered Applicants Who Provide a Georgia Driver's License Number or Georgia DDS ID Number

51. Intervenor-Defendants lack sufficient information to admit or deny the allegations of Paragraph 51.

52. Intervenor-Defendants lack sufficient information to admit or deny the allegations of Paragraph 52.

53. Intervenor-Defendants lack sufficient information to admit or deny the allegations of Paragraph 53.

54. Intervenor-Defendants lack sufficient information to admit or deny the allegations of Paragraph 54.

### Verification Process for Covered Applicants Who Provide Only Last Four Digits of Social Security Number

55. Intervenor-Defendants lack sufficient information to admit or deny the allegations of Paragraph 55.

56. Intervenor-Defendants lack sufficient information to admit or deny the allegations of Paragraph 56.

57. Intervenor-Defendants lack sufficient information to admit or deny the allegations of Paragraph 57.

58. Intervenor-Defendants lack sufficient information to admit or deny the allegations of Paragraph 58.

59. Intervenor-Defendants deny the remaining allegations of Paragraph 59 to the extent they suggest that the use of the exception report in the context of the verification process has been precleared; Intervenor-Defendants lack sufficient information to admit or deny the remainder of the allegations of Paragraph 59.

## United States Citizenship Verification Process

60. Intervenor-Defendants admit the allegations of Paragraph 60 to the extent that they describe the process Georgia purportedly plans to implement; Intervenor-Defendants deny the remaining allegations of Paragraph 60 to the extent they suggest that the information in the DDS database is determinative of whether a citizen is entitled to vote.

61. Intervenor-Defendants admit the allegations of Paragraph 61 to the extent that they describe the process Georgia purportedly plans to implement; Intervenor-Defendants deny the remaining allegations of Paragraph 61 to the extent they suggest that the use of the purported procedures in the context of the verification process has been precleared.

## Count I – Declaratory Judgment

62. Intervenor-Defendants incorporate responses of Paragraphs 1 through 61 as if fully set forth herein.

63. Intervenor-Defendants deny the allegations of Paragraph 63.

64. Intervenor-Defendants deny the allegations of Paragraph 64.

65. Intervenor-Defendants deny the allegations of Paragraph 65.

66. Intervenor-Defendants deny the allegations of Paragraph 66.

67. Intervenor-Defendants deny the allegations of Paragraph 67.

68. Intervenor-Defendants deny the allegations of Paragraph 68.

69. Intervenor-Defendants deny the allegations of Paragraph 69.

70. Intervenor-Defendants deny the allegations of Paragraph 70.

## Count II- Declaratory Judgment and Injunctive Relief

71. Intervenor-Defendants incorporate responses set forth in Paragraphs 1 through 70 as if fully set forth herein.

72. Paragraph 72 of the Complaint sets forth Plaintiff's legal argument and proposed conclusion of law to which no response is required from Intervenor-Defendants. To the extent Paragraph 72 purports to contain factual allegations, Intervenor-Defendants deny the allegations set forth in Paragraph 72.

73. Paragraph 73 of the Complaint sets forth Plaintiff's legal argument and proposed conclusion of law to which no response is required from Intervenor-Defendants. Intervenor-Defendants admit the allegations set forth to the extent Paragraph 73 states that Section 5 was enacted to address racial discrimination in the election process.

74. Paragraph 74 of the Complaint sets forth Plaintiff's legal argument and proposed conclusion of law to which no response is required from Intervenor-Defendants. To the extent Paragraph 74 purports to contain factual allegations, Intervenor-Defendants deny the allegations set forth in Paragraph 74.

75. Paragraph 75 of the Complaint sets forth Plaintiff's legal argument and proposed conclusion of law to which no response is required from Intervenor-Defendants. To the extent Paragraph 75 purports to contain factual allegations, Intervenor-Defendants admit that Congress based the preclearance coverage on the formula based on 1964, 1968 and 1972; Intervenor-Defendants deny the remainder of the allegations of Paragraph 75.

76. Paragraph 76 of the Complaint sets forth Plaintiff's legal argument and proposed conclusion of law to which no response is required from Intervenor-Defendants. To the extent Paragraph 76 purports to contain factual allegations, Intervenor-Defendants deny the allegations set forth in Paragraph 76.

77. Paragraph 77 of the Complaint sets forth Plaintiff's legal argument and proposed conclusion of law to which no response is required from Intervenor-Defendants. To the extent Paragraph 77 purports to contain factual allegations, Intervenor-Defendants deny the allegations set forth in Paragraph 77.

78. Paragraph 78 of the Complaint sets forth Plaintiff's legal argument and proposed conclusion of law to which no response is required from Intervenor-Defendants. To the extent Paragraph 78 purports to contain factual allegations, Intervenor-Defendants deny the allegations set forth in Paragraph 78.

79. Paragraph 79 of the Complaint sets forth Plaintiff's legal argument and proposed conclusion of law to which no response is required from Intervenor-Defendants.

To the extent Paragraph 79 purports to contain factual allegations, Intervenor-Defendants admit that Section 2 of the Voting Rights Act is permanent and nationwide in its scope; Intervenor-Defendants deny the remainder of the allegations of Paragraph 79.

80. Paragraph 80 of the Complaint sets forth Plaintiff's legal argument and proposed conclusion of law to which no response is required from Intervenor-Defendants. To the extent Paragraph 80 purports to contain factual allegations, Intervenor-Defendants deny the allegations set forth in Paragraph 80.

81. Paragraph 81 of the Complaint sets forth Plaintiff's legal argument and proposed conclusion of law to which no response is required from Intervenor-Defendants. To the extent Paragraph 81 purports to contain factual allegations, Intervenor-Defendants deny the allegations set forth in Paragraph 81.

82. Paragraph 82 of the Complaint sets forth Plaintiff's legal argument and proposed conclusion of law to which no response is required from Intervenor-Defendants. To the extent Paragraph 82 purports to contain factual allegations, Intervenor-Defendants deny the allegations set forth in Paragraph 82.

83. Paragraph 83 of the Complaint sets forth Plaintiff's legal argument and proposed conclusion of law to which no response is required from Intervenor-Defendants. To the extent Paragraph 83 purports to contain factual allegations, Intervenor-Defendants deny the allegations set forth in Paragraph 83.

84. Paragraph 84 of the Complaint sets forth Plaintiff's legal argument and proposed conclusion of law to which no response is required from Intervenor-Defendants. To the extent Paragraph 84 purports to contain factual allegations, Intervenor-Defendants admit the allegations of Paragraph 84 to the extent that Plaintiff is required to receive pre-

clearance in order to comply with Section 5 of the Voting Rights Act; Intervenor-Defendants deny the remainder of the allegations set forth in Paragraph 84.

85. Intervenor-Defendants lack sufficient knowledge to admit or deny the allegations of Paragraph 85.

86. Paragraph 86 of the Complaint sets forth Plaintiff's legal argument and proposed conclusion of law to which no response is required from Intervenor-Defendants. To the extent Paragraph 86 purports to contain factual allegations, Intervenor-Defendants admit that Plaintiff is unable to change the requirements of HAVA; Intervenor-Defendants deny the remainder of the allegations of Paragraph 86.

87. Intervenor-Defendants deny the allegations of Paragraph 87 to the extent that they imply that DOJ's objections are the only reason for the unavailability of the bailout under 42 U.S.C. § 1973c; Intervenor-Defendants admit the remainder of the allegations.

88. Intervenor-Defendants lack sufficient knowledge to admit or deny the allegations of Paragraph 88 without identification of the classes of governmental units purported to be enumerated.

89. Intervenor-Defendants deny the allegations of Paragraph 89.

90. Intervenor-Defendants deny the allegations of Paragraph 90.

91. Paragraph 91 of the Complaint sets forth Plaintiff's legal argument and proposed conclusion of law to which no response is required from Intervenor-Defendants. To the extent Paragraph 91 purports to contain factual allegations, Intervenor-Defendants deny the allegations set forth in Paragraph 91.

Dated: July 26, 2010

Respectfully submitted,

Ken Kimerling *( Pro Hac Vice Motion to be Filed)*
Glenn Magpantay *(Pro Hac Vice Motion to be Filed)*
ASIAN AMERICAN LEGAL DEFENSE AND
EDUCATION FUND
99 Hudson Street, 12th floor
New York, NY 10013
Tel: (212) 966-5932
Fax: (212) 966-4303
gmagpantay@aaldef.org
Counsel for Applicants

Michael D. Nolan
D.C. Bar 461907
MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
1850 K Street, N.W., Suite 1200
Washington, D.C. 20006
Tel: (202) 835-7500
Fax: (202) 835-7586
mnolan@milbank.com
*Counsel for Applicants*