

**U.S. Department of Justice**

Civil Rights Division

---

*Office of the Assistant Attorney General*            *Washington, D.C. 20530*

FEB 22 2010

Dennis R. Dunn, Esq.
Deputy Attorney General
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300

Dear Mr. Dunn:

     This refers to your December 22, 2009, letter concerning the revised 2009 verification program for voter registration data, including citizenship status, only for individuals registering to vote by use of the mail-in application who do not provide identification listed in Section 303(b) of the Help America Vote Act with their application; this also refers to your apparent request that the Attorney General reconsider and withdraw the May 29, 2009, objection interposed under Section 5 of the Voting Rights Act of 1965, 42 U.S.C. 1973c. We received your correspondence on December 22, 2009.

     To the extent that your December 22 letter may be intended as a request that the Attorney General reconsider and withdraw the May 29, 2009, objection, we have reconsidered our earlier determination based on the information and arguments you have advanced in support of your request. That review indicates that the state has not provided any additional information or arguments related to the original voter registration verification program to which an objection was interposed, to support its request that the objection to the original program should be withdrawn. Procedures for the Administration of Section 5 of the Voting Rights Act of 1965, 28 C.F.R. 51.52. In light of these considerations, I remain unable to conclude that the State of Georgia has carried its burden of showing that the original voter registration verification program has neither a discriminatory purpose nor a discriminatory effect. *Georgia v. United States*, 411 U.S. 526 (1973). Therefore, on behalf of the Attorney General, I must decline to withdraw the May 29, 2009, objection.

     With regard to the revised 2009 verification program for voter registration data, we note that your December 22, 2009, letter does not address the questions set forth in our October 13, 2009, letter that identified information we determined was necessary to complete our review of your submission of the revised program. In a number of conversations with your office, we have discussed at some length why this information is necessary to complete our review.



EXHIBIT 4

-2-

Likewise, you have advised us that the State of Georgia has enacted S.B. 86, Act 143 (2009), which requires proof of citizenship for voter registration purposes, and which has an effective date of January 1, 2010. You have also advised us of the adoption of two additional sets of related administrative rules. We understand that the State Board of Elections has approved Rule 183-1-6-.06, entitled "Verification of United States Citizenship of Applicants for Voter Registration," on December 10, 2009, and that the Secretary of State adopted Rule 590-8-1-.02 entitled "Verification of Voter Registration Information," on December 10, 2009. In each of our previous letters to you on this matter, and in our discussions with your office, we have identified the state's enactment of S.B. 86 and adoption of implementing regulations as having a significant impact on our determination under Section 5.

Although the legislation's effective date has now passed and the state has adopted the necessary implementing regulations, our records do not indicate that these changes affecting voting have been submitted to the United States District Court for the District of Columbia for judicial review or to the Attorney General for administrative review as required by Section 5 of the Voting Rights Act of 1965. Accordingly, it is necessary that these changes either be brought before that federal district court or submitted to the Attorney General for a determination that they have neither the purpose nor will have the effect of discriminating on account of race, color, or membership in a language minority group. Changes that affect voting are legally unenforceable unless and until the appropriate Section 5 determination has been obtained. *Clark v. Roemer*, 500 U.S. 646 (1991); Procedures for the Administration of Section 5 of the Voting Rights Act of 1965, 28 C.F.R. 51.10.

Because these unsubmitted changes and the revised 2009 verification program for voter registration data are directly related, they must be reviewed simultaneously. Accordingly, it would be inappropriate for the Attorney General to make a determination on the revised 2009 verification program until the related changes have been submitted for Section 5 review, and until the information we have previously identified in our October 13, 2009 letter has been provided. Procedures for the Administration of Section 5 of the Voting Rights Act of 1965, 28 C.F.R. 51.22(b) and 51.35.

Should you elect to make a submission to the Attorney General for administrative review, rather than seek a declaratory judgment from the United States District Court for the District of Columbia, it should be made in accordance with Subparts B and C of the Procedures. At that time we will review all changes simultaneously; however, any documentation previously provided need not be resubmitted.

To enable us to meet our responsibility to enforce the Voting Rights Act, please inform us of the action the State of Georgia plans to take concerning these matters. If you have any questions please call Robert S. Berman (202-514-8690), a deputy chief in the section. Refer to File Nos. 2009-3122 and 2010-0535 in any response to this letter so that your correspondence will be channeled properly. As our prior letters have indicated, and as we have discussed with your office on a number of prior occasions, the Department believes it to be appropriate and

-3-

desirable to continue to discuss this matter with the state. We are prepared to promptly arrange a meeting with your office and the office of the Secretary of State to discuss the remaining issues.

                Sincerely,

                Thomas E. Perez
                Assistant Attorney General