IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOSE MORALES, on behalf of himself and those similarly situated, NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, GEORGIA ASSOCIATION OF LATINO ELECTED OFFICIALS, and THE CENTER FOR PAN ASIAN COMMUNITY SERVICES, <br><br> Plaintiffs, <br><br> v. <br><br><br> BRIAN P. KEMP, in his official capacity as Georgia Secretary of State, <br><br> Defendant. | CIVIL CASE NO. 1:08-CV-3172 <br><br> Three-Judge Court (SFB, WSD, JTC) |

## ORDER

Pending before the Court are Defendant's Motion to Dismiss or in the Alternative Motion for Summary Judgment [#88] and Plaintiffs' Motion for Summary Judgment and Permanent Injunctive Relief [#89]. Plaintiffs filed the Complaint in this case on October 9, 2008, immediately prior to the 2008 general election. In this action, Plaintiffs challenge procedures Defendant enacted to verify the citizenship of persons who register to vote in Georgia on the grounds that the procedures were put into place before they were

EXHIBIT 5

precleared pursuant to Section 5 of the Voting Rights Act of 1965, 42 U.S.C. § 1973c ("Section 5"). Both parties move for summary judgment on Plaintiffs' claims, even though the central issue in this case – Section 5 preclearance – is the subject of ongoing discussion between the Department of Justice and the State and may be addressed in litigation the State has announced has been authorized and will be filed if preclearance is not obtained from the Department of Justice. The Court's objective in this case is to consider the "remedy that in all the circumstances of the case implements the mandate of § 5 in the most equitable and practicable manner and with the least offense to its provisions." Clark v. Roemer, 500 U.S. 646, 660, 111 S. Ct. 2096, 2105 (1991). Here, the appropriate remedy is to continue the preliminary injunction issued by the Court on October 27, 2008. Under the circumstances, the Court **DENIES** both parties' motions for summary judgment.

I.   **Procedural Background of the Case**

Plaintiffs brought this action against the Secretary of State ("Secretary") pursuant to Section 5, challenging the use of computer databases to verify the citizenship of individuals submitting voter registration applications. The State of Georgia (the "State") adopted this voter verification procedure in its effort to comply with the Help America Vote Act

2

("HAVA") and its provisions directed at allowing a state to ensure the integrity of its voter registration lists. Plaintiffs sought a preliminary injunction to enjoin the Secretary from utilizing the verification procedure until it received preclearance from the Department of Justice or the United States District Court for the District of Columbia, as required by Section 5 of the Voting Rights Act of 1965.

Pursuant to the Voting Rights Act, a Three-Judge Court was empaneled. The Three-Judge Court granted Plaintiffs' Motion for Preliminary Injunction, finding that at least two aspects of the State's voter verification procedure constituted changes in the state's voting process, and, therefore, required Section 5 preclearance prior to implementation. The Three-Judge Court entered a preliminary injunction enjoining the Secretary "unless and until preclearance is obtained under Section 5[.]" (Order Granting Prelim. Inj. 23, Oct. 27, 2008.)

Plaintiffs have now moved for summary judgment, requesting the Three-Judge Court to enter a final judgment on their Section 5 claim and permanently enjoin the Secretary from using the voter verification procedures, including those to verify citizenship, unless the procedures are precleared. The Secretary and the United States Department of Justice, participating in this action as *amicus curiae*, both urge that the Three-Judge

3

Court maintain the preliminary injunction in effect while the Secretary seeks Section 5 preclearance.

At the May 24, 2010, hearing on the parties' motions for summary judgment, the Secretary stated that the State intends to file, within thirty (30) days, an action seeking judicial review and approval of its voter verification procedures. The action is intended to be filed in the District Court for the District of Columbia. (Def.'s Supplement to its Resp. ¶ 1.) Several elections, however, are scheduled to be conducted in Georgia in the upcoming months, including the July 20, 2010, general primary, the September 21, 2010, special election, and the November 2, 2010, general election.

The issue before the Three-Judge Court is whether to continue the preliminary injunction until preclearance is obtained or denied or grant Plaintiffs' request for a final judgment and permanent injunction, which would prevent the verification of the citizenship status of voter registrants until the Department of Justice or judicial preclearance of the procedures is obtained. For the following reasons, the Court concludes that the appropriate remedy is to extend the existing preliminary injunction to upcoming elections in Georgia.

## II. Analysis

Continuing the preliminary injunction in this case is the "remedy that in all the circumstances of the case implements the mandate of § 5 in the most equitable and practicable manner and with the least offense to its provisions" as well as with the least offense to the requirements of HAVA. Clark v. Roemer, 500 U.S. 646, 660, 111 S. Ct. 2096, 2105 (1991). In enacting HAVA, Congress sought to prevent voter fraud by requiring states to implement a system of verifying information contained on voter registration applications by matching this information against a state's Department of Driver Services Database and the Social Security Administration database. See 42 U.S.C. § 15483; Florida State Conf. of the NAACP v. Browning, 522 F.3d 1153, 1168 (11th Cir. 2008). The Voting Rights Act, however, requires Georgia, and other states subject to the § 5 preclearance requirement, to obtain preclearance prior to implementing a change in the voting process that reflects a policy choice made by state or local officials. Young v. Fordice, 520 U.S. 273, 284, 117 S. Ct. 1228, 1235-36 (1997). The existing preliminary injunction best accounts for the State's compelling interesting in complying with the requirements of Section 5 and HAVA. Moreover, this remedy takes into account the State's "compelling interest in complying with Section 5's mandate to ensure that no eligible voter is denied the right to vote for failure

5

to comply with an unprecleared voting practice." (Order Granting Prelim. Inj. 26, Oct. 27, 2008.)

As the Department of Justice acknowledges, maintaining the preliminary injunction prevents both eligible voters from being denied the right to vote and ineligible voters from casting votes that cannot be discounted later. (Resp. of *Amicus Curiae* United States 14.) That is, the Department of Justice recognizes there is a right to vote in our country as there is a right for one's vote to count fully, and not be diluted by votes allowed to be cast by ineligible persons. The Court gives weight to the recommendation of the Department of Justice that the preliminary injunction entered by the Three-Judge Court on October 27, 2008 be extended to apply to upcoming elections. The Department of Justice, which has been responsible for enforcing the Voting Rights Act since its enactment in 1965, presents a sound and persuasive reason for the continuation of the injunctive relief already in place. In summary, maintaining the existing preliminary injunction maintains the status quo and best balances the mandates of Section 5 with the other compelling interests of protecting the voter franchise in Georgia.

Finally, if the Department of Justice or the District Court for the District of Columbia preclears the voter verification procedure at issue, the

entry of a Section 5 permanent injunction would not be necessary. If, however, the State's voter verification procedure is not precleared, Plaintiffs may then move for the entry of a final judgment and permanent injunction.

Accordingly, the Three-Judge Court **DENIES** Plaintiffs' Motion for Summary Judgment and Permanent Injunctive Relief [#89] and Defendant's Motion to Dismiss or in the Alternative Motion for Summary Judgment [#88].

### III.   Remedy

The Court continues the provisions of the preliminary injunction it entered on October 27, 2008, as amended below, until further order of the Court or until the State obtains Section 5 preclearance of its voter verification procedure. The Secretary and all persons acting in concert with the Secretary, including county election officials, are hereby **ENJOINED** to undertake the following continuing actions, unless and until preclearance is obtained under Section 5:

(1) Consistent with state and federal law, to reasonably ensure that persons who have been identified ("flagged") as potentially ineligible by the State's unprecleared automated voter verification procedures, and who remain in that status at the time of voting, shall have the opportunity to cast a ballot during any upcoming election by existing paper ballot procedures established under state law, namely the challenged ballot procedure

7

(O.C.G.A. § 21-2-230).  The Secretary has advised the Three-Judge Court that these persons have been entered into the State's voter registration database, will be entered onto the State's electronic poll books and will have their flagged status noted, both in the voter registration database that is used during early and absentee voting, and in the electronic poll books used in polling place on election day.  Timely notice shall be provided to persons who cast challenged ballots pursuant to the provisions of this paragraph of specifically what steps they must take to provide any needed proof of eligibility, and when these steps must be taken, in order to have their challenged ballots counted under state law.  Consistent with state and federal law, these paper challenged ballots shall be set aside and considered under existing state law procedures for evaluating and counting challenged ballots.  The Secretary hereby is required to issue before any future election uniform guidance, in writing, to all county registrars explaining the operation of existing challenged balloting requirements of state law in this regard; and shall certify such notice to the Three-Judge Court upon completion;

(2) Consistent with federal law, to reasonably ensure that no voter is permanently deleted from the voter registration list, and no voter registration application is permanently denied, based upon information flowing from the unprecleared automated voter verification process, unless the voter admits, in

writing, to election officials his/her present ineligibility. This is designed and intended to reasonably ensure that voter information will remain on the voter registration list to be checked against challenged ballots cast by voters in future elections;

(3) Make diligent and immediate efforts to notify, in a uniform manner, every person whose voter registration presently remains flagged as potentially ineligible under the unprecleared automated verification procedures, that they can vote in future elections by challenged paper ballot and make diligent and immediate efforts to notify every such person that information contained in the person's registration or Department of Driver Services records, or both, has raised a question regarding the person's eligibility to vote, and that they will be given an opportunity by the local registrar to address their qualifications. The persons filing challenged ballots shall be notified promptly, in writing, of what is necessary to resolve the challenge (e.g., delivering a document demonstrating proof of citizenship to a county voter registration office in person or by later-verified facsimile, or bringing such document to those persons responsible for resolving challenged ballots within a certain specified number of days after election day); and,

(4) Consult with the Department of Justice to determine whether there are any additional actions that can be taken prior to future elections to

reasonably ensure that persons who are actually eligible to vote, but whom the State's uncleared voter verification procedures have flagged as potentially ineligible, are allowed to vote a ballot in the elections.

## IV. Conclusion

The Three-Judge Court **DENIES** Plaintiffs' Motion for Summary Judgment and Permanent Injunctive Relief [#89] and Defendant's Motion to Dismiss or in the Alternative Motion for Summary Judgment [#88]. Consistent with this Order, the Three-Judge Court extends the provision of the preliminary injunction entered on October 27, 2008, unless and until the State obtains preclearance for the automated voter verification procedure. Because all parties agreed at oral argument that the further relief requested in Plaintiffs' Amended Complaint depends upon a decision with regard to preclearance of the voter verification procedure, the Three-Judge Court will administratively close this case until one or both parties move to reopen it. Accordingly, the Three-Judge Court **DIRECTS** the **CLERK** to **ADMINISTRATIVELY CLOSE** this case.

SO ORDERED, this ___15___ day of June, 2010.

_____
STANLEY F. BIRCH, JR.
UNITED STATES CIRCUIT JUDGE
ELEVENTH CIRCUIT COURT OF APPEALS

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE
FOR THE NORTHERN DISTRICT OF GEORGIA



_____
JACK T. CAMP
UNITED STATES DISTRICT JUDGE
FOR THE NORTHERN DISTRICT OF GEORGIA