IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATE OF GEORGIA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ERIC H. HOLDER, JR. in his official capacity as<br>ATTORNEY GENERAL OF THE UNITED<br>STATES,<br><br>　　　　　Defendant,<br><br>TYRONE BROOKS, et al.,<br><br>　　　　　Defendant-Intervenors,<br><br>MARVIN LIM, et al.,<br><br>　　　　　Defendant-Intervenors,<br><br>CONCERNED BLACK CLERGY OF<br>METROPOLITAN ATLANTA, et al.,<br><br>　　　　　Defendant-Intervenors,<br><br>GEORGIA ASSOCIATION OF LATINO<br>ELECTED OFFICIALS, et al.,<br><br>　　　　　Defendant-Intervenors. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>Civil No. 1:10-cv-1062<br><br>Three-Judge Court<br>(ESH, HHK, TBG) |

## **ANSWER**

Defendant Attorney General of the United States (hereinafter "Defendant"), in his official

capacity, through counsel, hereby answers each of the numbered paragraphs of the First

Amended Complaint (Docket #38) filed by the Plaintiff State of Georgia in the above-styled

action on August 16, 2010, as follows:

1.  Defendant admits the allegations in Paragraph 1 to the extent that they describe the

statutory basis asserted by Plaintiff for its claims in this action.

2.   Defendant admits the allegations in Paragraph 2 to the extent that the State of Georgia has authority under the Voting Rights Act to seek Section 5 preclearance in this Court. Defendant denies that either the Voting Rights Act or 28 U.S.C. 2201 authorizes Georgia to assert its claims in this action on behalf of the citizens of Georgia.

3.   Defendant admits the allegations in paragraph 3.

4.   The allegations in paragraph 4 are statements of law and/or conclusions of law to which no response is required.  If deemed to allege facts, Defendant admits the allegations of paragraph 4 to the extent that they purport to quote selected portions of Section 5 of the Voting Rights Act.  Defendant avers that paragraph 4 omits the requirement of Section 5 that a proposed voting change neither have the purpose nor effect of denying or abridging the right to vote "on account of race or color, or in contravention of the guarantees set forth in section 1973b(f)(2) of this title…" (omitted language quoted).  Defendant avers that the Voting Rights Act speaks for itself.

5.   The allegations in paragraph 5 are statements of law and/or conclusions of law to which no response is required.  If deemed to allege facts, Defendant admits the allegations of paragraph 5.  Defendant avers that the Voting Rights Act and the determinations of coverage made under the Act speak for themselves.

6.   The allegations in paragraph 6 are statements of law and/or conclusions of law to which no response is required.  If deemed to allege facts, Defendant admits the allegations of paragraph 6 to the extent that Georgia remains a covered jurisdiction subject to the preclearance requirements of Section 5 since it has not maintained a successful declaratory judgment action pursuant to Section 4(b) of the Voting Rights Act, 42 U.S.C. 1973b(b).

7.   Defendant admits the allegations in paragraph 7 to the extent they describe the statutory bases upon which Plaintiff claims to bring this action.  Defendant denies that the "Georgia HAVA Verification Process" as described by Plaintiff in its First Amended Complaint is mandated by HAVA.  Defendant further denies that compliance with Section 5 does not allow Plaintiff to carry out federal laws relating to voter registration and verification.

8.   Defendant denies the allegations in paragraph 8.  Defendant avers that any controversy between the parties exists only with regard to Plaintiff's declaratory judgment claim under Section 5 of the Voting Rights Act or whether Plaintiff is entitled to a declaratory judgment and injunctive relief with regard to its alternative constitutional claim.

9.   Defendant admits the allegations in paragraph 9.

10.   Defendant admits the allegations in paragraph 10.

11.   Defendant admits the allegations in paragraph 11, with the exception that HAVA was enacted to establish "minimum election administration standards," not "minimum election standards," and that HAVA was also enacted for other purposes.  Defendant avers that HAVA speaks for itself.

12.   The allegations in paragraph 12 are statements of law and/or conclusions of law to which no response is required.  If deemed to allege facts, Defendant admits the allegations of paragraph 12 to the extent that they purport to quote selected portions of HAVA.  Defendant avers that there are additional provisions of HAVA which concern the verification of voter registration information.  Defendant further avers that HAVA speaks for itself.

13.   The allegations in paragraph 13 are statements of law and/or conclusions of law to which no response is required.  If deemed to allege facts, Defendant admits the allegations of

paragraph 13 to the extent that they purport to quote selected portions of HAVA.  Defendant avers that HAVA speaks for itself.

14.  The allegations in paragraph 14 are statements of law and/or conclusions of law to which no response is required.  If deemed to allege facts, Defendant admits the allegations of paragraph 14 to the extent that they purport to quote selected portions of HAVA.  Defendant avers that HAVA speaks for itself.

15.  The allegations in paragraph 15 are statements of law and/or conclusions of law to which no response is required.  If deemed to allege facts, Defendant admits the allegations of paragraph 15 to the extent that they purport to characterize the ruling in *Schwier v. Cox* and the requirements of selected portions of HAVA.  Defendant avers that the federal court ruling and consent decree in *Schwier v. Cox* and HAVA speak for themselves.

16.  The allegations in paragraph 16 are statements of law and/or conclusions of law to which no response is required.  If deemed to allege facts, Defendant admits the allegations of paragraph 16.  Defendant avers that HAVA speaks for itself.

17.  The allegations in paragraph 17 are statements of law and/or conclusions of law to which no response is required.  If deemed to allege facts, Defendant admits that the State of Georgia is not exempt from the requirements of HAVA Section 303(a)(5).  Defendant is without sufficient knowledge to either admit or deny the allegation in paragraph 17 that "Georgia previously collected full Social Security numbers from each registrant" and, therefore, Defendant denies this allegation.  Defendant avers that the Consent Decree in *Schwier v. Cox* and HAVA speak for themselves.

18.  Defendant is without sufficient knowledge to either admit or deny the allegations in paragraph 18 and, therefore, Defendant denies these allegations.  Defendant avers that the

"Georgia HAVA Verification Process" as described by Plaintiff in its First Amended Complaint is not mandated by HAVA Section 303(a)(5).

19.   Defendant admits the allegations in paragraph 19 to the extent that on April 23, 2007, the Chief of the Voting Section of the Civil Rights Division of the Department of Justice wrote to the Georgia Secretary of State concerning Georgia's attempt to comply with the requirements of HAVA Section 303(a)(5) and requesting certain information from the State concerning compliance.  Defendant is without sufficient knowledge to either admit or deny the remaining allegations in paragraph 19 and, therefore, Defendant denies these allegations.

20.   Defendant denies the allegations in paragraph 20.  Defendant avers that at some point Georgia began to compare electronically information contained in the statewide voter registration database and the Department of Driver Services ("DDS") database, but did not implement at that time the "Georgia HAVA Verification Process" as described by Plaintiff in its First Amended Complaint.  Defendant further avers that the "Georgia HAVA Verification Process" as described by Plaintiff in its First Amended Complaint is not mandated by HAVA.

21.   Defendant admits the allegations in paragraph 21 to the extent that they describe parts of the "Georgia HAVA Verification Process" as identified by Plaintiff in its First Amended Complaint.  Defendant avers that the allegations in paragraph 21 do not describe such process fully.   Defendant further avers that the "Georgia HAVA Verification Process" as described by Plaintiff in its First Amended Complaint is not mandated by HAVA.

22.   Defendant denies the allegations in paragraph 22.  Defendant avers that on October 8, 2008, the Department of Justice sent a letter to the Georgia Secretary of State in which it advised the State of Georgia that its implementation of a process of "attempting to verify voter registration information" and "acting upon the results of that process" were "changes affecting

voting …covered by Section 5 of the Voting Rights Act" and that it was "necessary that [such changes] either be brought before the United States District Court for the District of Columbia or submitted to the Attorney General" for a preclearance determination under Section 5.

23.   Defendant admits the allegations in paragraph 23 to the extent that, on October 9, 2008, Jose Morales, a resident of Cherokee County, Georgia, filed a Section 5 enforcement action in the United States District Court for the Northern District of Georgia against the Georgia Secretary of State, alleging claims under both Section 5 and the National Voter Registration Act. (*Morales v. Handel*).  Defendant avers that the complaint was later amended to add plaintiffs and a claim under the Help America Vote Act.  Defendant denies that the verification process that was the subject of the *Morales* litigation was required by HAVA.

24.   Defendant denies the allegations in paragraph 24.  Defendant avers that on October 10, 2008, the Department of Justice sent a letter to the Georgia Secretary of State requesting information concerning its participation in the Help America Vote Verification program, administered by the federal Social Security Administration ("SSA") pursuant to an agreement, required by HAVA, between the SSA and the Georgia DDS.  Defendant further avers that the "Georgia HAVA Verification Process" as described by Plaintiff in its First Amended Complaint is not mandated by HAVA.

25.   Defendant denies the allegations in paragraph 25.  Defendant avers that, on October 14, 2008, the State of Georgia submitted to the Department of Justice for administrative preclearance under Section 5, a voter verification program for voter registration application data, including citizenship status.  Defendant further avers that the "Georgia HAVA Verification Process" as described by Plaintiff in its First Amended Complaint is not mandated by HAVA and is not the same process submitted to the Department of Justice on October 14, 2008.

26.  Defendant denies the allegations in paragraph 26.  Defendant avers that on October 14, 2008, the Department of Justice acknowledged its receipt of the State's submission that same date of a voter verification program for voter registration application data, including citizenship status.  Defendant further avers that the "Georgia HAVA Verification Process" as described by Plaintiff in its First Amended Complaint is not mandated by HAVA and is not the same process submitted to the Department of Justice on October 14, 2008.

27.  Defendant admits the allegations in paragraph 27 to the extent that the State of Georgia continued through December 11, 2008,  to provide additional information concerning its October 14, 2008 Section 5 submission to the Department of Justice of a voter verification program for voter registration application data, including citizenship status.  Defendant denies Plaintiff's characterization in paragraph 27 of the additional documentation being "primarily * * * additional information specifically related to the temporary HAVA verification process imposed by the District Court in the Morales litigation."  Defendant avers that the verification process implemented by the State pursuant to the October 22, 2008 temporary injunction issued by the Morales Court is "a temporary remedy for the lack of preclearance" and is not required by HAVA.  Defendant further avers that the *Morales* Court's October 22, 2008 Order (Exhibit 1 to Plaintiff's First Amended Complaint) speaks for itself.

28.  Defendant admits the allegations in paragraph 28 to the extent that, on December 15, 2008, the Chief of the Voting Section of the Civil Rights Division of the U.S. Department of Justice sent a letter to the State of Georgia informing the State that it has not provided sufficient information for the Attorney General to make the requisite determination.  The letter requested more information concerning the State's October 14, 2008 Section 5 submission to the Department of a voter verification program for voter registration application data, including

citizenship status.  Defendant denies that the "Georgia HAVA Verification Process" as described by Plaintiff in its First Amended Complaint is mandated by HAVA and further denies that it is the same process submitted to the Department of Justice on October 14, 2008.

29.  Defendant admits the allegations in paragraph 29.

30.  The allegations in paragraph 30 are statements of law and/or conclusions of law to which no response is required.  If deemed to allege facts, Defendant admits the allegations in paragraph 30 to the extent that, on May 29, 2009, the Department of Justice sent a letter to the State of Georgia in which it interposed a timely objection under Section 5 to the State's October 14, 2008 submission to the Department of a voter verification program for voter registration application data, including citizenship status.  Defendant denies the remaining allegations in paragraph 30.  Defendant also denies that the "Georgia HAVA Verification Process" as described by Plaintiff in its First Amended Complaint is mandated by HAVA and further denies that it is the same process submitted to the Department of Justice on October 14, 2008. Defendant avers that the Department's May 29, 2009 letter (Exhibit 2 to Plaintiff's First Amended Complaint) speaks for itself.

31.  Defendant admits the allegations in paragraph 31 to the extent that, following the Department's May 29, 2009 Section 5 objection to the State's October 14, 2008 submission to the Department of a voter verification program for voter registration application data, including citizenship status, the Department and the State engaged in telephone discussions concerning the Department's objection, but denies the remainder of the allegations in paragraph 31.

32.  Defendant admits the allegations in paragraph 32 to the extent that on June 16, 2009, defendant sent the letter attached as Exhibit 3 to Plaintiff's First Amended Complaint to Georgia,

but denies the remainder of the allegations in paragraph 32.  Defendant avers that Exhibit 3 to Plaintiff's First Amended Complaint speaks for itself.

33.  Defendant admits the allegations in paragraph 33 except to the extent that Defendant is alleging in this paragraph that it has been prevented by Section 5 from complying with HAVA.

34.  Defendant admits the allegations in paragraph 34 to the extent that on August 11, 2009, the State of Georgia submitted a revised voter registration verification process to the Attorney General for preclearance under Section 5 and at the same time requested that the Department reconsider its previous May 29, 2009 objection to the State's October 14, 2008 submission to the Department of a voter verification program for voter registration application data, including citizenship status.  Defendant denies the remainder of the allegations in paragraph 34.

35.  Defendant admits the allegations in paragraph 35 to the extent that on October 13, 2009, the Department denied the State's request for reconsideration of the Department's previous May 29, 2009 objection to the State's October 14, 2008 submission to the Department of a voter verification program for voter registration application data, including citizenship status.  The letter also advised the State that it considered the revised voter verification process, submitted on August 11, 2009 to be sufficiently different as to be considered a new submission, informed the state that it has not provided sufficient information for the Attorney General to make the requisite determination under Section 5 and requested more information.  Defendant denies the remainder of the allegations in paragraph 35.

36.  Defendant admits the allegations in paragraph 36 to the extent that in the Department's October 13, 2009 letter, denying the State's request for reconsideration of the Department's previous May 29, 2009 objection to the State's October 14, 2008 submission to the

Department of a voter verification program for voter registration application data, including citizenship status, the Department also asked a number of questions concerning the new revised verification process which the State had submitted to the Department on August 11, 2009. Defendant denies the remainder of the allegations in paragraph 36.

37.   Defendant admits the allegations in paragraph 37.

38.   Defendant denies the allegations in paragraph 38.  Defendant avers that by letter dated February 22, 2010, the Department declined to withdraw its May 29, 2009 objection to the State's October 14, 2008 submission to the Department of a voter verification program for voter registration application data, including citizenship status, and advised the State that because it has chosen not to respond to the October 13, 2008, request for additional information,  it was inappropriate to make a determination on the State's revised verification process.  Defendant denies that the "Georgia HAVA Verification Process" as described by Plaintiff in its First Amended Complaint is mandated by HAVA and further denies that it is the same process submitted to the Department of Justice on October 14, 2008, or on August 11, 2009.  Defendant avers that the February 22, 2010 letter, which is Exhibit 4 to Plaintiff's First Amended Complaint, speaks for itself.

39.   Defendant denies the allegations in paragraph 39.  Defendant avers that the "Georgia HAVA Verification Process" as described by Plaintiff in its First Amended Complaint has never been submitted to the Department for administrative review under Section 5.  Defendant further avers that the "Georgia HAVA Verification Process" as described by Plaintiff in its First Amended Complaint is not mandated by HAVA.

40.   Defendant denies the allegations in paragraph 40.

41.  The allegations in paragraph 41 are statements of law and/or conclusions of law to which no response is required.  The U.S. District Court's June 15, 2010 opinion in the *Morales* litigation (Exhibit 5 to Plaintiff's First Amended Complaint) speaks for itself.  If deemed to allege facts, Defendant admits the allegations in paragraph 41 to the extent that the State verification process at issue in the *Morales* case involved the verification of United States citizenship.  Defendant denies the remainder of the allegations in paragraph 41.  Defendant further avers that the "Georgia HAVA Verification Process" as described by Plaintiff in its First Amended Complaint is not mandated by HAVA.

42.  Defendant admits the allegations in paragraph 42.

43.  Defendant admits the allegations in paragraph 43.

44.  Defendant admits the allegations in paragraph 44.

45.  Defendant admits the allegations in paragraph 45 to the extent that they purport to reflect the State's characterization of its reasons for bringing and seeking expedition of this action and the relief sought.  Defendant denies that expedited consideration of the issues in this action is necessary and appropriate.

46.  Defendant admits the allegations in paragraph 46 to the extent that they purport to describe the relief that the State seeks in this action and the procedures that it seeks to implement.  Defendant denies the remainder of the allegations in paragraph 46.  Defendant avers that the "Georgia HAVA Verification Process" as described by Plaintiff in its First Amended Complaint is not mandated by HAVA.

47.  Defendant admits the allegations in paragraph 47.

48.  Defendant admits the allegations in paragraph 48 to the extent that they purport to describe the voter registration verification process that is at issue in this action.  Defendant is

without sufficient knowledge to either admit or deny the allegation in paragraph 48 that voter registration application information will be verified through this process and, therefore, Defendant denies this allegation. Defendant avers that the "Georgia HAVA Verification Process" as described by Plaintiff in its First Amended Complaint is not mandated by HAVA.

49. Defendant admits the allegations in paragraph 49 to the extent that the State's proposed verification process does not on its face purport to distinguish between voter registration applicants based on race or color, or membership in a language minority group. Defendant denies that the "Georgia HAVA Verification Process" as described by Plaintiff in its First Amended Complaint is mandated by HAVA.

50. Defendant admits the allegations in paragraph 50 to the extent that they purport to reflect the State's characterization of the voter registration verification process that is at issue in this action. Defendant denies that the "Georgia HAVA Verification Process" as described by Plaintiff in its First Amended Complaint is mandated by HAVA.

51. Defendant admits the allegations in paragraph 51 to the extent that they purport to reflect the State's characterization of the voter registration verification process that is at issue in this action. Defendant denies that the "Georgia HAVA Verification Process" as described by Plaintiff in its First Amended Complaint is mandated by HAVA.

52. Defendant admits the allegations in paragraph 52 to the extent that they purport to reflect the State's characterization of the voter registration verification process that is at issue in this action. Defendant denies that the "Georgia HAVA Verification Process" as described by Plaintiff in its First Amended Complaint is mandated by HAVA.

53. Defendant admits the allegations in paragraph 53 to the extent that they purport to reflect the State's characterization of the voter registration verification process that is at issue in

this action.  Defendant denies that the "Georgia HAVA Verification Process" as described by Plaintiff in its First Amended Complaint is mandated by HAVA.

54.  Defendant admits the allegations in paragraph 54 to the extent that they purport to reflect the State's characterization of the voter registration verification process that is at issue in this action.  Defendant denies that the "Georgia HAVA Verification Process" as described by Plaintiff in its First Amended Complaint is mandated by HAVA.

55.  Defendant admits the allegations in paragraph 55 to the extent that they purport to reflect the State's characterization of the voter registration verification process that is at issue in this action.  Defendant denies that the "Georgia HAVA Verification Process" as described by Plaintiff in its First Amended Complaint is mandated by HAVA.

56.  Defendant admits the allegations in paragraph 56 to the extent that they purport to reflect the State's characterization of the voter registration verification process that is at issue in this action.  Defendant denies that the "Georgia HAVA Verification Process" as described by Plaintiff in its First Amended Complaint is mandated by HAVA.

57.  Defendant admits the allegations in paragraph 57 to the extent that they purport to reflect the State's characterization of the voter registration verification process that is at issue in this action.  Defendant denies that the "Georgia HAVA Verification Process" as described by Plaintiff in its First Amended Complaint is mandated by HAVA.

58.  Defendant admits the allegations in paragraph 58 to the extent that they purport to reflect the State's characterization of the voter registration verification process that is at issue in this action.  Defendant denies that the "Georgia HAVA Verification Process" as described by Plaintiff in its First Amended Complaint is mandated by HAVA.

59.  Defendant admits the allegations in paragraph 59 to the extent that they purport to reflect the State's characterization of the voter registration verification process that is at issue in this action.  Defendant denies that the "Georgia HAVA Verification Process" as described by Plaintiff in its First Amended Complaint is mandated by HAVA.

60.  Defendant admits the allegations in paragraph 60 to the extent that they purport to reflect the State's characterization of the voter registration verification process that is at issue in this action.  Defendant denies that the "Georgia HAVA Verification Process" as described by Plaintiff in its First Amended Complaint, specifically including the verification of voter registration applicants' United States citizenship, is mandated by HAVA.

61.  Defendant admits the allegations in paragraph 61 to the extent that they purport to reflect the State's characterization of the voter registration verification process that is at issue in this action.  Defendant denies that the "Georgia HAVA Verification Process" as described by Plaintiff in its First Amended Complaint, specifically including the verification of voter registration applicants' United States citizenship, is mandated by HAVA.

62.  In response to paragraph 62, Defendant incorporates by reference the responses in paragraphs 1 through 61 of this Answer as if fully set forth herein.

63.  Defendant denies that the "Georgia HAVA Verification Process" as described by Plaintiff in its First Amended Complaint is mandated by HAVA as alleged in paragraph 63. Defendant is without sufficient knowledge to either admit or deny the remainder of the allegations in paragraph 63 and, therefore, Defendant denies these allegations.  Defendant avers that he will not oppose the declaratory judgment sought by Plaintiff that the proposed verification process as set forth in Exhibit 6 to Plaintiff's Amended Complaint and as described in Paragraphs 46-61 of the First Amended Complaint does not violate Section 5 of the Voting

Rights Act, as it neither has the purpose nor will have the effect of denying or abridging the right to vote on account of race or color, or in contravention of the guarantees set forth in Section 4(f)(2) of the Act.

64. Defendant denies that the "Georgia HAVA Verification Process" as described by Plaintiff in its First Amended Complaint is mandated by HAVA as alleged in paragraph 64. Defendant is without sufficient knowledge to either admit or deny the remainder of the allegations in paragraph 64 and, therefore, Defendant denies these allegations. Defendant avers that to his knowledge the verification process described in Exhibit 6 to Plaintiff's First Amended Complaint and as described in Paragraphs 46-61 of the First Amended Complaint has not been implemented.

65. Defendant denies that the "Georgia HAVA Verification Process" as described by Plaintiff in its First Amended Complaint is mandated by HAVA. Defendant is without sufficient knowledge to either admit or deny the remainder of the allegations in paragraph 65 and, therefore, Defendant denies these allegations. Defendant avers that paragraph 65 omits the requirement of Section 5 that a proposed voting change neither have the purpose nor effect of denying or abridging the right to vote "on account of race or color, or in contravention of the guarantees set forth in section 1973b(f)(2) of this title…" (omitted language quoted). Defendant avers that he will not oppose the declaratory judgment sought by Plaintiff that the proposed verification process as set forth in Exhibit 6 to Plaintiff's Amended Complaint and as described in Paragraphs 46-61 of the First Amended Complaint does not violate Section 5 of the Voting Rights Act, as it neither has the purpose nor will have the effect of denying or abridging the right to vote on account of race or color, or in contravention of the guarantees set forth in Section 4(f)(2) of the Act.

66. Defendant denies that the "Georgia HAVA Verification Process" as described by Plaintiff in its First Amended Complaint is mandated by HAVA. Defendant is without sufficient knowledge to either admit or deny the remainder of the allegations in paragraph 66 and, therefore, Defendant denies these allegations. Defendant avers that paragraph 66 omits the requirement of Section 5 that a proposed voting change neither have the purpose nor effect of denying or abridging the right to vote "on account of race or color, or in contravention of the guarantees set forth in section 1973b(f)(2) of this title…" (omitted language quoted). Defendant avers that he will not oppose the declaratory judgment sought by Plaintiff that the proposed verification process as set forth in Exhibit 6 to Plaintiff's Amended Complaint and as described in Paragraphs 46-61 of the First Amended Complaint does not violate Section 5 of the Voting Rights Act, as it neither has the purpose nor will have the effect of denying or abridging the right to vote on account of race or color, or in contravention of the guarantees set forth in Section 4(f)(2) of the Act.

67. Defendant denies that the "Georgia HAVA Verification Process" as described by Plaintiff in its First Amended Complaint is mandated by HAVA. Defendant is without sufficient knowledge to either admit or deny the remainder of the allegations in paragraph 67 and, therefore, Defendant denies these allegations.

68. Defendant denies that the "Georgia HAVA Verification Process" as described by Plaintiff in its First Amended Complaint is mandated by HAVA. Defendant admits that the State's verification process does not on its face purport to distinguish between voter registration applicants on the basis of race or color.

69. Defendant denies that the "Georgia HAVA Verification Process" as described by Plaintiff in its First Amended Complaint is mandated by HAVA. Defendant is without sufficient

knowledge to either admit or deny the remainder of the allegations in paragraph 69 and, therefore, Defendant denies these allegations.

70.   Defendant denies that the "Georgia HAVA Verification Process" as described by Plaintiff in its First Amended Complaint is mandated by HAVA.  Defendant is without sufficient knowledge to either admit or deny the remainder of the allegations in paragraph 70 and, therefore, Defendant denies these allegations.  Defendant avers that he will not oppose the declaratory judgment sought by Plaintiff that the proposed verification process as set forth in Exhibit 6 to Plaintiff's Amended Complaint and as described in Paragraphs 46-61 of the First Amended Complaint does not violate Section 5 of the Voting Rights Act, as it neither has the purpose nor will have the effect of denying or abridging the right to vote on account of race or color, or in contravention of the guarantees set forth in Section 4(f)(2) of the Act.

71.   In response to paragraph 71, Defendant incorporates by reference the responses in paragraphs 1 through 70 of this Answer as if fully set forth herein.

72.   Defendant denies the allegations in paragraph 72 except to the extent that they purport to describe the relief sought by the State of Georgia in this action.  Defendant denies that the State of Georgia is entitled to the relief sought as described in paragraph 72.

73.   Defendant admits the allegations in paragraph 73.

74.   Defendant admits the allegations in paragraph 74, and avers that Congress' determination that Georgia should remain covered by Section 5 is constitutional.

75.   Defendant denies the allegations of paragraph 75, except Defendant admits that the State of Georgia has not maintained a successful declaratory judgment action pursuant to Section 4(b) of the Voting Rights Act, 42 U.S.C. 1973b(b), and, therefore, remains a covered jurisdiction.

76. Defendant denies the allegations in paragraph 76.

77. Defendant denies the allegations in paragraph 77.

78. Defendant denies the allegations in paragraph 78.

79. Defendant denies the allegations in paragraph 79, except to the extent that Section 2 of the Voting Rights Act is not temporary, has a nationwide scope, and provides for challenges to discriminatory voting practices based on race, color or in contravention of the guarantees set forth in 42 U.S.C. 1973b(f)(2).

80. Defendant denies the allegations in paragraph 80.

81. Defendant denies the allegations in paragraph 81.

82. Defendant denies the allegations in paragraph 82.

83. Defendant denies the allegations in paragraph 83.

84. Defendant denies the allegations in paragraph 84.  Defendant specifically denies that Section 5 prevents the State of Georgia from complying with HAVA and specifically denies that the "Georgia HAVA Verification Process" as described by Plaintiff in its First Amended Complaint is mandated by HAVA.

85. Defendant denies the allegations in paragraph 85.

86. Defendant admits the allegations in paragraph 86 only to the extent that the State of Georgia is unable to change the requirements of HAVA and denies the remainder of the allegations in paragraph 86.  Defendant denies that the "Georgia HAVA Verification Process" as described by Plaintiff in its First Amended Complaint is mandated by HAVA.

87. Defendant is without sufficient knowledge to either admit or deny that the allegations in paragraph 87 and, therefore, Defendant denies the allegations in paragraph 87.

88.  Defendant is without sufficient knowledge to either admit or deny the allegations in paragraph 88 and, therefore, Defendant denies these allegations in paragraph 88.

89.  Defendant is without sufficient knowledge to either admit or deny the allegations in paragraph 89 and, therefore, Defendant denies the allegations in paragraph 89.

90.  Defendant denies the allegations in paragraph 90.

91.  Defendant denies the allegations in paragraph 91.

Defendant denies that the Plaintiff is entitled to the relief requested in the Prayer for Relief, except for the convening of a three-judge court.  Defendant will not oppose the declaratory judgment sought by Plaintiff that the proposed verification process as set forth in Exhibit 6 to Plaintiff's First Amended Complaint and as described in Paragraphs 46-61 of the First Amended Complaint does not violate Section 5 of the Voting Rights Act, as it neither has the purpose nor will have the effect of denying or abridging the right to vote on account of race or color, or in contravention of the guarantees set forth in Section 4(f)(2) of the Act.

Any and all allegations not specifically admitted herein are denied.

Date:  August 16, 2010

                              Respectfully submitted,


RONALD C. MACHEN, JR.          THOMAS E. PEREZ
United States Attorney          Assistant Attorney General
District of Columbia            Civil Rights Division


                              */s/ Brian F. Heffernan*
                              _____
                              T. CHRISTIAN HERREN, JR.
                              BRIAN F. HEFFERNAN (lead counsel)
                              Voting Section
                              Civil Rights Division
                              U.S. Department of Justice
                              950 Pennsylvania Avenue, N.W.
                              Washington, D.C. 20530
                              Telephone:     (202) 514-4755
                              Facsimile:     (202) 307-3961

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 16, 2010, I served a true and correct copy of the foregoing via the Court's ECF filing system on the following counsel of record:

Anne W. Lewis
Frank B. Strickland
Bryan P. Tyson
Strickland, Brockington, Lewis LLP
Midtown Proscenium Suite 2200
1170 Peachtree Street NE
Atlanta, GA 30309
Phone: (678) 347-2200
*Counsel for Plaintiff*

Kristen Clarke
NAACP Legal Defense and Educational Fund, Inc.
1444 Eye Street, N.W., 10th Floor
Washington, D.C. 20005
Phone: (202) 682-1300
*Counsel for Movant-intervenors Concerned Black Clergy, et al.*

Michael D. Nolan
Milbank, Tweed, Hadley & McCloy LLP
1850 K Street, N.W.
Suite 1200
Washington, D.C. 20006
Phone: (202) 835-7500
*Counsel for Intervenors Marvin Lim, et al.*

Jon M. Greenbaum
Lawyers' Committee for Civil Rights under Law
1401 New York Avenue, NW, Suite 400
Washington, DC 20005
Phone: (202) 662-8325
*Counsel for Intervenors Tyrone Brooks, et al.*

Nina Perales
Mexican American Legal Defense and Educational Fund
110 Broadway, Suite 300
San Antonio, TX
Phone: (210) 224-5476
*Counsel for Intervenors GALEO, et al.*

*/s/ Brian F. Heffernan*
_____
Brian F. Heffernan
Voting Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D, C, 20530
Phone: (202) 514-4755