IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATE OF GEORGIA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ERIC H. HOLDER, JR. in his official ) | |
| capacity as ATTORNEY GENERAL OF ) | |
| THE UNITED STATES, ) | |
| ) | |
| Defendant, ) | |
| ) | |
| TYRONE BROOKS, et al., ) | |
| ) | Civil No. 1:10-cv-1062 |
| Defendant-Intervenors, ) | |
| ) | Three-Judge Court |
| MARVIN LIM, et al., ) | (ESH, HHK, TBG) |
| ) | |
| Defendant-Intervenors, ) | |
| ) | |
| CONCERNED BLACK CLERGY OF ) | |
| METROPOLITAN ATLANTA, et al., ) | |
| ) | |
| Defendant-Intervenors, ) | |
| ) | |
| GEORGIA ASSOCIATION OF LATINO ) | |
| ELECTED OFFICIALS, et al., ) | |
| ) | |
| Defendant-Intervenors. ) | |
| ) | |

## BRIEF IN SUPPORT OF JOINT MOTION TO DISMISS

COME NOW Plaintiff the State of Georgia ("State") and Defendant Eric H.

Holder, Jr., in his official capacity as the Attorney General of the United States

("Attorney General"), in the above-styled case, and, in support of their Joint Motion to Dismiss, show this Court as follows:

## STATEMENT OF FACTS

The State filed this action on June 22, 2010 seeking a declaratory judgment preclearing Georgia's voter registration application data verification process, including citizenship status ("Verification Process") under Section 5 of the Voting Rights Act of 1965, 42 U.S.C. § 1973c. [Doc. 1]. Alternatively, the State sought a declaratory judgment that Congress' renewal of Section 5 in 2006 was unconstitutional. *Id*.

Following the July 9, 2010 Status Conference with the Court, the State and the Department of Justice ("the Department") met to discuss the Verification Process. On August 16, 2010, the State filed its First Amended Complaint [Doc. 38] to revise Exhibit 6. On August 16, 2010, the Department filed its Answer [Doc. 43] to the State's First Amended Complaint and its Notice by Defendant Attorney General of the United States [Doc. 44]. In both filings, the Department confirmed that the Attorney General did not oppose entry of a declaratory judgment that the State's revised Verification Process as set forth in the revised Exhibit 6 to the State's First Amended Complaint [Doc. 38] meets the standards in Section 5 of the Voting Rights Act.

On August 17, 2010, the State submitted the revised Verification Process (identical to Exhibit 6 to the State's First Amended Complaint) to the Attorney General for administrative review under 42 U.S.C. § 1973c.  By letter dated August 18, 2010, the Attorney General responded that he did not object under Section 5 to the revised Verification Process submitted by the State.  Exhibit 1 attached.  As such, the Department has determined that the State has met its burden of establishing that the State's Verification Process, including verification of citizenship status, does not have a discriminatory effect or purpose under Section 5.

## ARGUMENT AND CITATION OF AUTHORITY

Under Fed. R. Civ. P. 41(a)(1), the State may dismiss its case voluntarily without an order by this Court at any time before an answer is filed.  However, because the Department and intervenors have filed answers in this case [Docs. 7, 26, 27, 31, 42, 43], an order of the Court is required for dismissal of this proceeding, Fed. R. Civ. P. 41(a)(2).  The State and the Department jointly move the Court to dismiss this case under Fed. R. Civ. P. 41(a)(2).

**IN LIGHT OF THE ATTORNEY GENERAL'S GRANT OF ADMINISTRATIVE PRECLEARANCE TO THE STATE, THE COURT SHOULD DISMISS THIS CASE.**

The Voting Rights Act of 1965, as amended, provides two routes for Section 5 preclearance.  42 U.S.C. § 1973c.  Jurisdictions may seek preclearance from this

3

Court judicially or from the Attorney General through the administrative review process. *Id*.

The State initially sought preclearance from this Court of the Verification Process set forth in Exhibit 6 to the State's original Complaint in this action [Doc. 1]. However, shortly after the commencement of this action, the State and the Department engaged in discussions concerning the State's Verification Process. Those discussions resulted in the State's revision of its Verification Process, which is reflected in the revised Exhibit 6 to the State's First Amended Complaint filed August 16, 2010. [Doc. 38.] Subsequently, on August 17, 2010, the State sought administrative preclearance of this revised process from the Attorney General. As shown by Exhibit 1 attached, the Attorney General has given notice on August 18, 2010, that he does not object under Section 5 to the revised Verification Process submitted administratively by the State on August 17, 2010 (which is identical to Exhibit 6 to Plaintiff's First Amended Complaint [Doc. 38]). Therefore, the claim in Count I of the State's Complaint is moot and should be dismissed under Fed. R. Civ. P. 41(a)(2).

The State's claim in Count II, concerning the constitutionality of Congress' 2006 renewal of Section 5, was brought alternatively, in the event that the Court denied declaratory judgment on Count I. Because preclearance has been obtained

4

and Count I should be dismissed, Count II should also dismissed under Fed. R. Civ. P. 41(a)(2).

In light of the administrative preclearance of the State's revised Verification Process by the Attorney General, nothing remains for the Court's decision in this case. Neither the Department nor any of the intervenors have stated a counterclaim against the State. Furthermore, once a jurisdiction receives administrative preclearance of a voting change from the Attorney General as the State has here, the decision of the Attorney General is not subject to judicial review. *Morris v. Gressette*, 432 U.S. 491, 504-505, 97 S.Ct. 2411, 2420 (1977) ("Since judicial review of the Attorney General's actions would unavoidably extend this period, it is necessarily precluded."). The Supreme Court has also recognized that after "a State has successfully complied with the § 5 approval requirements, private parties may enjoin the enforcement of the new enactment only in traditional suits attacking its constitutionality; **there is no further remedy provided by § 5**." *Allen v. State Bd. of Elections*, 393 U.S. 544, 549-550, 89 S.Ct. 817, 823 (1969) (emphasis added). This precise situation has arisen a number of times previously, where the Attorney General has administratively precleared the identical voting changes also at issue in a judicial preclearance action pending before this Court. In these circumstances, this Court has recognized under *Morris* that administrative preclearance renders the declaratory judgment action to be moot under Section 5.

5

*See, e.g.*, in the attached Exhibit 2, unpublished dismissal orders and stipulations in three recent statewide judicial preclearance cases in this Court.

Based on the Attorney General's administrative preclearance of the State's revised Verification Process, there is no longer a "live" controversy between the parties, and all the parties now lack any legally cognizable interest in the outcome. *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287, 120 S.Ct. 1382, 1390 (2000) (*quoting County of Los Angeles v. Davis*, 440 U.S. 725, 631, 99 S.Ct. 1379 (1979)).  There is no further relief to be had under Section 5, and this case should be dismissed as moot.  *Id.*

## CONCLUSION

In light of the Attorney General's administrative preclearance of the State's revised Verification Process, there is nothing more for this Court to address in this proceeding.  Therefore, the State and the Attorney General jointly request that this Court enter an order dismissing this action pursuant to Fed. R. Civ. P. 41(a)(2).  A proposed order is attached.

Respectfully submitted this 20th day of August, 2010.

/s/ Anne W. Lewis
Anne W. Lewis
Georgia Bar No. 737490
*Special Attorney General for the State of Georgia*
Frank B. Strickland
Georgia Bar No. 687600

6

*Deputy Special Attorney General for the State of Georgia*
Bryan P. Tyson
Georgia Bar No. 515411
*Deputy Special Attorney General for the State of Georgia*
STRICKLAND BROCKINGTON
    LEWIS LLP
Midtown Proscenium Suite 2200
1170 Peachtree Street, NE
Atlanta, Georgia  30309
Telephone: 678.347.2200
Facsimile:  678.347.2210

*Special Attorneys General for the State of Georgia*

| | |
|---|---|
| RONALD C. MACHEN, JR.<br>United States Attorney<br>District of Columbia | Respectfully submitted,<br>THOMAS E. PEREZ<br>Assistant Attorney General<br>Civil Rights Division<br><br>/s/ Brian F. Heffernan<br>T. CHRISTIAN HERREN, JR.<br>BRIAN F. HEFFERNAN<br>Attorneys<br>Voting Section<br>Civil Rights Division<br>United States Department of Justice<br>Room 7254 - NWB<br>950 Pennsylvania Ave., N.W.<br>Washington, DC 20530<br>Phone: (800) 253-3931<br>Fax: (202) 307-3961<br><br>*Counsel for Defendant Eric H. Holder, Jr., Attorney General of the United States* |

7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATE OF GEORGIA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ERIC H. HOLDER, JR. in his official ) | |
| capacity as ATTORNEY GENERAL OF ) | |
| THE UNITED STATES, ) | |
| ) | |
| Defendant, ) | |
| ) | |
| TYRONE BROOKS, et al., ) | |
| ) | Civil No. 1:10-cv-1062 |
| Defendant-Intervenors, ) | |
| ) | Three-Judge Court |
| MARVIN LIM, et al., ) | (ESH, HHK, TBG) |
| ) | |
| Defendant-Intervenors, ) | |
| ) | |
| CONCERNED BLACK CLERGY OF ) | |
| METROPOLITAN ATLANTA, et al., ) | |
| ) | |
| Defendant-Intervenors, ) | |
| ) | |
| GEORGIA ASSOCIATION OF LATINO ) | |
| ELECTED OFFICIALS, et al., ) | |
| ) | |
| Defendant-Intervenors. ) | |
| ) | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served the within and foregoing

**BRIEF IN SUPPORT OF JOINT MOTION TO DISMISS** with the Clerk of

8

Court using the CM/ECF system, which will send notification of such filing to all parties to this matter via electronic notification.

This 20th day of August, 2010.

/s/ Anne W. Lewis
Anne W. Lewis
Georgia Bar No. 737490