UNPUBLISHED ORDERS AND STIPULATIONS OF DISMISSAL
IN DECLARATORY JUDGMENTS ACTIONS
UNDER SECTION 5 OF THE VOTING RIGHTS ACT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATE OF FLORIDA, | : |
| Plaintiff | : |
| | : Civil Action No. 02-0941 |
| v. | : |
| UNITED STATES, *et al.*, | : |
| Defendants. | : |

FILED

JUN 1 3 2002

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### MEMORANDUM OPINION AND ORDER

On May 14, 2002, the Attorney General of the State of Florida filed a complaint seeking a declaratory judgment pursuant to Section 5 of the Voting Rights Act of 1965, 42 U.S.C. § 1973c. He sought appointment of a three-judge court pursuant to 28 U.S.C. § 2284(a) and a determination whether Florida's Congressional reapportionment plan, Session Law 2002-12, satisfies the substantive standard of Section 5. In addition, he requested a conference pursuant to Fed. R. Civ. P. 16 to expedite disposition of the action. An order granting the motion for a three-judge district court was entered on May 16, 2002. By amended complaint filed May 21, 2002, the Florida Attorney General sought a declaration that the plan satisfies the substantive standard of Section 5.

On May 1, 2002, Florida Governor Jeb Bush, President of the Florida Senate John McKay and Florida House Speaker Tom Feeney (collectively "the Governor") submitted the same plan to the Attorney General of the United States for administrative preclearance pursuant to 42 U.S.C. § 1973c. The United States and Attorney General John Ashcroft, as defendants, filed a motion to stay this proceeding during the pendency of the administrative application before the United States Attorney General.

Congressman Alcee L. Hastings and several other Florida

voters sought permission to intervene as defendants pursuant to Fed. R. Civ. P. 24 and sought a temporary restraining order and a preliminary injunction to prohibit the United States Attorney General from considering the administrative application of the Governor. On May 28, 2002, the court granted the motion to intervene under Rule 24(a) but denied the motion for a temporary restraining order. A second motion to intervene was filed by Congressman Peter R. Deutsch and others seeking similar relief as the Hastings intervenors; the court granted permission to intervene on June 4, 2002. Finally, the Governor sought permission to intervene as plaintiff on May 29, 2002, and the court granted the motion on June 4, 2002. On that same day, the Governor as Plaintiff-Intervenor filed a motion to stay this proceeding pending a determination of the administrative application by the United States Attorney General.

On June 7, 2002, the Department of Justice notified the court that the Assistant Attorney General for Civil Rights had advised the Governor that the United States Attorney General does not interpose any objection to the Congressional reapportionment plan submitted for preclearance. In light of this Section 5 determination, the United States moved on June 10, 2002 to dismiss this proceeding under Fed. R. Civ. P. 12(b)(1) as moot. The Governor filed a similar motion on June 7, 2002.

A preclearance determination by the United States Attorney General dispenses with the requirement for the State of Florida to seek declaratory relief before this court prior to the implementation of the new Congressional voting districts. 42 U.S.C. § 1973c. Such determination is not appealable and is not reviewable by this court. *Morris v. Gressette*, 432 U.S. 491, 505 (1977). Because 42 U.S.C. § 1973c permits the State of Florida to implement its Congressional reapportionment plan in light of the United States Attorney General's determination without any action from this court, there is no longer a case or controversy under Article III of the Constitution for the court to resolve.

Accordingly, we dismiss the amended complaint and related filings as moot and grant the motions to dismiss filed by the United States and the Governor.


Judith W. Rogers          James Robertson         Henry H. Kennedy, Jr.
U.S. Circuit Judge        U.S. District Judge     U.S. District Judge

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

STATE OF FLORIDA,           :
                            :
        Plaintiff           :
                            : Civil Action No. 02-0941
    v.                      :
                            :
UNITED STATES, et al.,      :    **FILED**
                            :
        Defendants.         :    JUN 13 2002
                            :
                            :    NANCY MAYER WHITTINGTON, CLERK
                                  U.S. DISTRICT COURT

**ORDER**

It is hereby ordered that the amended complaint and related filings in the above-captioned matter are dismissed as moot, and the motions to dismiss filed by the United States [#57] and Plaintiff-Intervenors Jeb Bush, John McKay and Tom Feeney [#58] are granted.


Judith W. Rogers        James Robertson         Henry H. Kennedy, Jr.
U.S. Circuit Judge      U.S. District Judge     U.S. District Judge

FILED

AUG 2 - 2002

NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NORTH CAROLINA STATE ) | |
| BOARD OF ELECTIONS, et al., ) | |
| ) | Civil Action No. 02-1174 (LFO DST GK) |
| Plaintiffs, ) | |
| ) | THREE-JUDGE COURT |
| v. ) | |
| ) | |
| UNITED STATES, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

ORDER

Plaintiff-Intervenors and the United States filed motions to dismiss this action as moot in light of the Attorney General's July 12, 2002 preclearance of the voting changes at issue in this litigation. On July 18, 2002, we ordered the parties to respond to the motions within the time permitted by the Federal Rules of Civil Procedure. The North Carolina Board of Elections and Defendant-Intervenors Marc Basnight and James Black filed responses consenting to the dismissal of this action. Defendant-Intervenor Linda Sample has not responded, and the deadline for such a response has passed. On July 26, 2002, the United States informed us that the Attorney General precleared North Carolina's revised election schedule implementing the previously precleared voting changes. Accordingly, it is this 2nd day of August 2002 hereby

ORDERED: that the motions to dismiss filed by Plaintiff-Intervenors and the United States are GRANTED.

/s/ David S. Tatel
DAVID S. TATEL
UNITED STATES CIRCUIT JUDGE

_____
LOUIS F. OBERDORFER
UNITED STATES DISTRICT JUDGE


_____
GLADYS KESSLER
UNITED STATES DISTRICT JUDGE

Filed: August 2, 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **THE STATE OF NORTH CAROLINA,** | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | Civil Action |
| v. | ) | No. 1:03CV02477 (RBW MBG RCL) |
| | ) | |
| **JOHN ASHCROFT, in his official capacity** | ) | Three-Judge Court |
| **as Attorney General, and THE UNITED** | ) | |
| **STATES OF AMERICA,** | ) | |
| | ) | |
| *Defendants*. | ) | |

**STIPULATION OF DISMISSAL**

In this action, Plaintiff State of North Carolina sought a declaratory judgment from this Court that its 2003 redistricting plans for the North Carolina Senate and House of Representatives contained in Sections 1 through 4 of Session Law 2003-434 (Extra Session) were entitled to preclearance under Section 5 of the Voting Rights Act, 42 U.S.C. 1973c. Docket #1. On March 30, 2004, Defendant Attorney General of the United States made an administrative determination to interpose no objection pursuant to Section 5 of the Voting Rights Act to the same voting changes at issue in this declaratory judgment action in response to an administrative submission made by the State. Docket #23. Based on the case law under Section 5 and on longstanding practice in this Court, the parties are in agreement that the Attorney General's administrative preclearance determination moots the State's request for judicial preclearance in this Court because it effectively granted the State the same relief it was seeking in this action. Accordingly, the parties hereby stipulate, pursuant to Rule 41(a)(1)(ii), Fed.R.Civ.P., that all claims in this action are hereby dismissed as moot. Each party shall bear its own costs.

Consented To:

*For Plaintiff State of North Carolina*

| | |
|---|---|
| ROY COOPER<br>ATTORNEY GENERAL<br><br>*/s/ Tiare B. Smiley*<br>Tiare B. Smiley<br>Special Deputy Attorney General<br>tsmiley@ncdoj.com<br>N. C. State Bar No. 7119<br><br>Alexander McC. Peters<br>Special Deputy Attorney General<br>apeters@ncdoj.com<br>N.C. State Bar No. 13654<br><br>Susan K. Nichols<br>Special Deputy Attorney General<br>snichols@ncdoj.com<br>N.C. State Bar No. 9904<br><br>N.C. Department of Justice<br>P.O. Box 629<br>Raleigh, N.C. 27602<br>(919) 716-6900<br>Fax: (919) 716-6763 | CO-COUNSEL<br><br>Sam Hirsch<br>Jenner & Block LLP<br>601 Thirteenth Street, N.W.<br>Washington, D.C. 20005<br>(202) 639-6000<br>Fax: (202) 639-6066<br>shirsch@jenner.com<br>D.C. Bar No. 455688 |

Dated: April 1, 2004

Consented To:

*For Defendants John Ashcroft, in his official capacity as Attorney General of the United States, and the United States of America*

ROSCOE C. HOWARD, JR.
United States Attorney

R. ALEXANDER ACOSTA
Assistant Attorney General
Civil Rights Division

_____
JOSEPH D. RICH (D.C. Bar No. 463885)
REBECCA J. WERTZ
T. CHRISTIAN HERREN JR. *(lead counsel)*
chris.herren@usdoj.gov
TIMOTHY F. MELLETT
THOMAS REED
ANA HENDERSON
R. TAMAR HAGLER
Attorneys, Voting Section
Civil Rights Division
Department of Justice
Room 7254 — NWB
950 Pennsylvania Ave. NW
Washington, D.C. 20530
Phone: (202) 514-1416
Fax:    (202) 307-3961

Dated:   April 1, 2004