IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATE OF GEORGIA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ERIC H. HOLDER, JR. in his official ) | |
| capacity as ATTORNEY GENERAL OF ) | |
| THE UNITED STATES, ) | |
| ) | |
| Defendant, ) | |
| ) | |
| TYRONE BROOKS, et al., ) | |
| ) | Civil No. 1:10-cv-1062 |
| Defendant-Intervenors, ) | |
| ) | Three-Judge Court |
| MARVIN LIM, et al., ) | (ESH, HHK, TBG) |
| ) | |
| Defendant-Intervenors, ) | |
| ) | |
| CONCERNED BLACK CLERGY OF ) | |
| METROPOLITAN ATLANTA, et al., ) | |
| ) | |
| Defendant-Intervenors, ) | |
| ) | |
| GEORGIA ASSOCIATION OF LATINO ) | |
| ELECTED OFFICIALS, et al., ) | |
| ) | |
| Defendant-Intervenors. ) | |
| ) | |

**REPLY OF STATE OF GEORGIA IN SUPPORT OF
JOINT MOTION TO DISMISS**

COMES NOW Plaintiff the State of Georgia ("State") in the above-styled

case, and, following this Court's Order of September 24, 2010 [Minute Order],

files this reply[1] to Defendant-Intervenors Tyrone Brooks *et al.*, Georgia Association of Latino Elected Officials ("GALEO"), and the Organization of Chinese Americans Georgia Chapter ("OCAGC") *et al.* (collectively, "Defendant-Intervenors") response to the State of Georgia and the Attorney General's Joint Motion to Dismiss:

In their response, Defendant-Intervenors immediately concede the basis for the Joint Motion to Dismiss: this case is moot. [Doc. 49, pp. 2, 12]. Congress granted the Attorney General complete authority to decide the preclearance of voting changes which are submitted for administrative review. 42 U.S.C. § 1973c. A preclearance determination by the Attorney General dispenses with the requirement for the State to seek declaratory relief before this Court prior to the implementation of Georgia's voter registration application data verification process, including citizenship status ("Verification Process"). *Id.* Accordingly, as recognized by all parties in this case, because 42 U.S.C. § 1973c permits the State to implement its Verification Process in light of the Attorney General's determination without any action from this Court, there is no longer a case or controversy under Article III of the Constitution for the Court to resolve.

---

[1] Although the Court's order requiring a reply appears directed to the Attorney General, the State makes this brief reply to Defendant-Intervenors' Response [Doc. 49] as a participant in the Joint Motion to Dismiss [Doc. 46].

2

Additionally, judicial review of the Attorney General's decision to preclear this voting change is not permitted. *Morris v. Gressette*, 432 U.S. 491, 504-505, 97 S.Ct. 2411, 2420 (1977); *Allen v. State Bd. of Elections*, 393 U.S. 544, 549-550, 89 S.Ct. 817, 823 (1969). This court has concurred. *See* cases attached as Exhibit 2 to Joint Motion to Dismiss [Doc. 42-3].

The cases cited by Defendant-Intervenors are inapposite and do not provide for any result other than dismissal of this case. In the cases cited by the Defendant-Intervenors, there was no administrative submission, as is the case here. *Georgia v. Ashcroft*, 195 F.Supp.2d 25 (D.D.C. 2002) (three judge court), *vacated and remanded on other grounds*, 539 U.S. 461 (2003) (no administrative submission); *City of Lockhart v. United States*, 460 U.S. 125 (1983) (same); *City of Richmond v. United States*, 422 U.S. 358 (1975) (same). Instead, the only authority on point is that which is cited by the State and the Attorney General in their Joint Motion to Dismiss. *See* Exhibit 2 to Joint Motion to Dismiss [Doc. 46-3]. In those cases and in this one, the covered jurisdictions elected to seek administrative preclearance after filing litigation.

The main complaint of Defendant-Intervenors appears to be that they were not consulted before the Attorney General precleared the State's administrative submission. For the reasons set forth above, that complaint is a not ground for denying the motion to dismiss for mootness.

Additionally, Defendant-Intervenors' assertion that they had no opportunity to comment on the precleared process does not square with the facts conceded by Defendant-Intervenors. First, Defendant-Intervenors admit that the precleared process is virtually identical to the Verification Process previously submitted, [Doc. 49, p. 2]. Furthermore, Defendant-Intervenors concede that they have been full participants for the two-year period the Verification Process has been under review. [Doc. 49, p. 10] ("Counsel for the *Morales* plaintiffs were active in all stages of the Section 5 administrative review process."). Counsel for Defendant-Intervenors submitted comments to the Attorney General on the original and revised verification process, sued the State in the *Morales v. Kemp* litigation in the Northern District of Georgia and have filed pleadings in this case, making their opinions on the Verification Process well known to this Court and the other parties, including the Attorney General. [Doc. 49, p. 10]. Far from being deprived of a forum, Defendant-Intervenors have had ample opportunity to make their views on the verification process known and have fully availed themselves of those opportunities.

## CONCLUSION

Defendant-Intervenors, having filed numerous objections to preclearance of the Verification Process, obviously disagree with the Attorney General's decision not to interpose an objection to a process that Defendant-Intervenors concede is

4

virtually identical to the one that has been pending for two years.  However, once the Attorney General exercised his statutory discretion to preclear the verification process submitted by the State, his decision made this case moot.  For that reason, this Court should dismiss this action.

    Respectfully submitted this 8th day of October, 2010.

    /s/ Anne W. Lewis
Anne W. Lewis
Georgia Bar No. 737490
*Special Attorney General for the State of Georgia*
Frank B. Strickland
Georgia Bar No. 687600
*Deputy Special Attorney General for the State of Georgia*
Bryan P. Tyson
Georgia Bar No. 515411
*Deputy Special Attorney General for the State of Georgia*
STRICKLAND BROCKINGTON
   LEWIS LLP
Midtown Proscenium Suite 2200
1170 Peachtree Street, NE
Atlanta, Georgia  30309
Telephone: 678.347.2200
Facsimile:  678.347.2210

*Special Attorneys General for the State of Georgia*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATE OF GEORGIA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ERIC H. HOLDER, JR. in his official )<br>capacity as ATTORNEY GENERAL OF )<br>THE UNITED STATES, )<br>)<br>Defendant, )<br>)<br>TYRONE BROOKS, et al., )<br>)<br>Defendant-Intervenors, )<br>)<br>MARVIN LIM, et al., )<br>)<br>Defendant-Intervenors, )<br>)<br>CONCERNED BLACK CLERGY OF )<br>METROPOLITAN ATLANTA, et al., )<br>)<br>Defendant-Intervenors, )<br>)<br>GEORGIA ASSOCIATION OF LATINO )<br>ELECTED OFFICIALS, et al., )<br>)<br>Defendant-Intervenors. )<br>) | Civil No. 1:10-cv-1062<br><br>Three-Judge Court<br>(ESH, HHK, TBG) |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have this day served the within and foregoing

**REPLY OF STATE OF GEORGIA IN SUPPORT OF JOINT MOTION TO**

6

**DISMISS** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties to this matter via electronic notification.

This 8th day of October, 2010.

/s/ Anne W. Lewis
Anne W. Lewis
Georgia Bar No. 737490
